AMDAHL, Chief Justice.
 

 Petitioner was convicted in Nobles County District Court in 1978 of two counts of criminal sexual conduct in the third degree, Minn.Stat. 609.344(c) (1980) (sexual penetration accomplished by force or coercion) and was sentenced to two consecutive maximum 5-year prison terms. Wé affirmed the judgment of conviction in
 
 State v. Stevenson,
 
 286 N.W.2d 719 (Minn.1979). These consolidated appeals are from (1) the order of the Nobles County District Court (Case No. 81-1125) denying, after hearing, a petition filed pursuant to the recent amendment to the Postconviction Remedy Act, which provides that persons convicted of and sentenced for crimes committed before May 1, 1980, may petition the district court for postconviction relief in the form of re-sentencing pursuant to the Minnesota Sentencing Guidelines and Commentary (1980)
 
 [1]
 
 and (2) the order of the District Court for Washington County (Case No. 81-1080), where petitioner is incarcerated, denying without hearing his petition for habeas corpus. Petitioner is represented by counsel on the sentencing appeal but not on the appeal from denial of habeas corpus. We affirm both orders.
 

 1. Petitioner’s claim that he is entitled to be resentenced is based on (a) the fact that if he had been senteftced according to the Sentencing Guidelines, the presumptive sentence would have been 32 months in prison, based on the severity level of the offense (VII) and his criminal history score (one), (b) the fact that the two consecutive 5-year terms would have constituted a double departure (both in length and by virtue of being consecutive), and (c) his belief that departure would not have been justified.
 

 The postconviction court was of the opinion that aggravating circumstances were present which would have justified the departure and this may well be so, but we need not decide this point because, in any event, the postconviction court was unable to conclude that resentencing and early release of petitioner would “not present a danger to the public.” Minn.Stat. § 590.01 (1980). Under the circumstances, we affirm the postconviction court’s order.
 

 2. Petitioner’s pro se appeal is from an order of the district court for the district in which petitioner is incarcerated denying, without a hearing, his petition for habeas
 
 *819
 
 corpus. We agree with the district court that petitioner’s petition failed to establish any reason for conducting a hearing on the petition, and we conclude that the court properly denied the petition without a hearing-
 

 Order of the Nobles County District Court (Case No. 81-1125) affirmed.
 

 Order of the Washington County District Court (Case No. 81-1080) affirmed.
 

 [1]
 

 . That amendment added the following subdivision to Minn.Stat. § 590.01 (1980):
 

 Subd. 3.- A person who has been convicted and sentenced for a crime committed before May 1, 1980 may institute a proceeding applying for relief under this chapter upon the ground that a significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retrospectively, including re-sentencing under subsequently enacted law.
 

 No petition seeking re-sentencing shall be granted unless the court makes specific findings of fact that release of the petitioner prior to the time he or she would be released under the sentence currently being served does not present a danger to the public and is not incompatible with the welfare of society. Act of June 1, 1981, c. 366, § 1, 1981 Minn. Laws 2355.