317 N.W.2d 700 (1982)
STATE of Minnesota, Respondent,
v.
Gerald J. ROHRER, Appellant.
No. 82-107.
Supreme Court of Minnesota.
March 25, 1982.
C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.
Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Thomas A. Weist and Rick Osborne, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.
Considered and decided by the court en banc without oral argument.
AMDAHL, Chief Justice.
Petitioner was convicted in Hennepin County District Court in 1976 of first-degree manslaughter, Minn.Stat. § 609.20(2) (1976) (causing death while committing crime with such force and violence that death was reasonably foreseeable), for beating his 19-month-old son to death. The trial court sentenced petitioner to 15 years in prison and recommended to the parole board that petitioner be required to serve the full 15 years in prison. Subsequently the legislature authorized persons convicted of crimes committed before May 1, 1980, to petition for postconviction relief in the form of resentencing pursuant to the Sentencing Guidelines, the only prerequisite to resentencing and early release being a specific finding by the postconviction court that the petitioner's early release would not present a danger to the public and would not be incompatible with the welfare of society. Minn.Stat. § 590.01 (1980), as amended by Act of June 1, 1981, c. 366, § 1, 1981 Minn. Laws 2355, 2356.
In this case the presumptive sentence under the Sentencing Guidelines would have been 43 months, based on the severity level of the offense (VIII) and petitioner's criminal history score (zero). However, because of the absolute vulnerability of the victim and the particular cruelty of petitioner in committing the offense, the trial court would have been able to double the sentence duration under State v. Evans, 311 N.W.2d 481 (Minn.1981), and possibly could have imposed a much longer sentence under State v. Stumm, 312 N.W.2d 248 (Minn. 1981).
*701 Petitioner seems to recognize this but points out that even if he had received a sentence of 96 months the time for his release would have passed.
We need not decide whether a sentence longer than 96 months would have been justified because it appears that the trial court was unable to find specifically that petitioner's resentencing and earlier than normal release would not present a danger to the public and would not be incompatible with the welfare of society. The postconviction court believed that petitioner, once released, should remain under supervision for a longer period than would be possible if petitioner were resentenced. Since the court was unable to conclude that the earlier release from prison and from supervision would not present a danger to the public and would not be incompatible with the welfare of society, we affirm. See Stevenson v. Young, 314 N.W.2d 821 (Minn.1982).
Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.
Affirmed.