**STATE of Minnesota, Respondent,**

v.

**Thomas Hale BUSH, Appellant.**

**No. 81–1360.**

Supreme Court of Minnesota.

May 10, 1982.

C. Paul Jones, Public Defender, and Carolyn F. Tucker, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven De-Coster, Asst., County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

Petitioner was convicted in Ramsey County District Court in 1977 of criminal sexual conduct in the second degree, Minn. Stat. § 609.343(a) (1976) (sexual contact with a child under 13 years of age by a person more than 36 months older), and was given a limited term of 10 years in prison, rather than the statutory maximum of 15, with execution stayed on the condition that he complete a long-term treatment program for sex offenders at the security hospital at St. Peter. When he failed and was dropped from the program in 1978, his probation was revoked and the original 10-year sentence was executed. The Corrections Board removed petitioner from the matrix, meaning that he would be required to serve the full 10-year term minus time off for good behavior. Subsequently, the legislature authorized persons convicted of crimes committed before May 1, 1980, to petition for postconviction relief in the form of resentencing pursuant to the Sentencing Guidelines, the only prerequisite to resentencing being a specific finding by the postconviction court that the petitioner's early release would not present a danger to the public and would not be incompatible with the welfare of society. Minn.Stat. § 590.01 (1980), *amended by* Act of June 1, 1981, ch. 366, § 1, 1981 Minn.Laws 2355, 2356. This appeal is from an order of the postconviction court in which the court stated that it was unable to find that petitioner's early release would not present a danger to the public and would not be incompatible with the welfare of society.

In this case, the presumptive sentence under the Sentencing Guidelines would have been 65 months, based on the severity level of the offense (VI) and petitioner's criminal history score (six or more). We need not decide whether the trial court would have been able to depart from the presumptive sentence by increasing the du-

ration of the term because our examination of the record satisfies us that the postconviction court was justifiably unable to find that petitioner's early release would not present a danger to the public and would not be incompatible with the welfare of society. *Stevenson v. Young*, 314 N.W.2d 821 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.