**Dean Peter ALEXANDER, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–204.**

Supreme Court of Minnesota.

May 10, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Thomas A. Weist, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from an order of the Hennepin County District Court denying a petition by Dean Peter Alexander, age 29, for postconviction resentencing according to the Minnesota Sentencing Guidelines. The petition was filed pursuant to Minn.Stat. 590.01 (1980), *amended by* Act of June 1, 1981, ch. 366, § 1, 1981 Minn.Laws 2355, 2356. We affirm.

Petitioner is incarcerated pursuant to consecutive 20-year sentences for 1978 convictions of burglary of a dwelling and aggravated robbery of the occupants, offenses that petitioner committed with two other men in 1977. Petitioner was also convicted of other offenses in connection with the incident but those offenses were vacated on appeal. *State v. Alexander*, 290 N.W.2d 745 (Minn.1980). Petitioner's current sentence expiration dates are May 30, 1991, and July 20, 2004. His current target release date is May 15, 1983.

Petitioner's convictions were of offenses of the same severity level (VII). The presumptive sentence for such offenses by one with petitioner's criminal history score (two) is 41 months. Consecutive sentencing would have constituted a departure requiring justification. We need not decide whether departure would have been justified because our examination of the record satisfies us that the postconviction court was justifiably unable to find that petitioner's early release would not present a danger to the public and would not be incompatible with the welfare of society. *Smith v. State*, 317 N.W.2d 366 (Minn.1982); *Stevenson v. Young*, 314 N.W.2d 821 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.