**Walter J. STOFFERAHN, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–409.

Supreme Court of Minnesota.

June 10, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Minneapolis, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 45, was charged in Hennepin County District Court in 1979 of two counts of criminal sexual conduct in the second degree alleging that he had sexually penetrated two young girls. Pursuant to a plea bargain, petitioner pleaded guilty to one count of criminal sexual conduct in the second degree and was sentenced to 5 years in prison. Petitioner is scheduled to be released from prison on June 1, 1982, and will be sent to a halfway house for the transitional phase of the sex-offender program in which he is participating. His sentence is due to expire on October 4, 1982.

Petitioner's criminal history score at the time of sentencing for the offense in question would have been two, based on one felony point and one custody status point. The offense in question is a severity level VI offense. The presumptive sentence for this offense by one with a criminal history score of two is 30 months stayed. If petitioner were resentenced to the presumptive term, he would be entitled to immediate release from prison and from sentence, without being required to participate in the halfway house treatment program.

Given the nature of petitioner's offense and the postconviction court's opinion that petitioner's participation in the halfway house treatment program was necessary for petitioner's sake as well as for the safety of society, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982); *State v. Rohrer*, 317 N.W.2d 700 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.