**Terry P. BISKEY, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–377.**

Supreme Court of Minnesota.

June 28, 1982.

C. Paul Jones, Public Defender, and Carolyn F. Tucker, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal from a denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 23, was charged in Ramsey County District Court in 1978 with two counts of criminal sexual conduct in the first degree, one count of criminal sexual conduct in the third degree, and kidnapping. Pursuant to a negotiated plea, petitioner pleaded guilty to one count of criminal sexual conduct in the second degree and was sentenced to a limited 10 years, rather than the statutory maximum of 15 years, in prison. Petitioner was scheduled to be released from prison on May 2, 1982, and his sentence expiration date is October 22, 1985.

Petitioner's criminal history score at the time of sentencing for the offense in question would have been zero. The offense in question is a severity level VII offense. The presumptive sentence for this offense for one with a criminal history score of zero is 24 months in prison. Petitioner presumably has been released from prison by now. If petitioner were resentenced to the presumptive term, he would be entitled to immediate release from sentence.

Given the nature of petitioner's offense and the postconviction court's opinion that petitioner should be subject to supervision after being released from prison, we con-

clude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn. 1982); *State v. Rohrer*, 317 N.W.2d 700 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.