**STATE of Minnesota, County of Hennepin, Respondent,**

v.

**Kenneth BELLANGER, Appellant.**

**No. 81–15.**

Supreme Court of Minnesota.

Feb. 25, 1981.

Wm. R. Kennedy, Hennepin County Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Minneapolis, for respondent.

SHERAN, Chief Justice.

This appeal, pursuant to Minn.Stat. § 244.11 (1980) permitting appellate review

---

of sentences in criminal cases, is from a judgment of conviction of simple robbery, Minn.Stat. § 609.24 (1980), based on a negotiated plea of guilty. The sentencing court, in imposing a 48-month prison term, departed from the "presumptive sentence" of 30 months in prison adopted by the Sentencing Guidelines for one who is convicted of simple robbery and has a criminal history score of 3. The issue on appeal is whether the circumstances justified departure from the Sentencing Guidelines. We hold that they did not and reduce the sentence to the "presumptive sentence" of 30 months in prison established by the Sentencing Guidelines.

 Recently, in *State v. Garcia*, 302 N.W.2d 643 (Minn.1981), in affirming a decision to depart, we summarized the approach taken by the Sentencing Guidelines, and summarized in detail the principles embodied in the Guidelines and purposes to be served by the Guidelines. We indicated that the trial court, in determining when to depart, should consider whether mitigating or aggravating circumstances are present, determine if they are "substantial or compelling circumstances" justifying departure, and then exercise its discretion and decide whether to depart; if the trial court decides to depart, it should make findings of fact and provide written reasons justifying its decision, in order that meaningful review of the court's decision to depart is possible.

In *Garcia*, we held that the combined presence of two factors on which the trial court primarily relied—the particularly cruel way in which the defendant committed the crime and the fact that defendant was an extremely poor candidate for probation—justified the trial court's refusal to sentence the defendant to the "presumptive sentence" of 26 months with execution stayed and the trial court's imposition of a 45-month prison term instead.

Here, the trial court expressed the view that "there is a great deal too much made of regularity and conformity in sentencing" and his belief that the presumptive sentence of 30 months in prison adopted by the Sentencing Guidelines for one who commits a simple robbery and has a criminal history score of 3 is too lenient. For that primary reason, the court departed from the presumptive sentence and imposed a 48-month prison term. General disagreement with the Guidelines or the legislative policy on which the Guidelines are based does not justify departure. Our examination of the record satisfies us that there were no "substantial and compelling" circumstances present in this case which would justify the increased sentence. Accordingly, defendant's sentence is reduced to that adopted by the Sentencing Guidelines Commission of 30 months in prison.

Sentence reduced.