**STATE of Minnesota, Respondent,**

v.

**Edward FAIRBANKS, Appellant.**

No. 81–369.

Supreme Court of Minnesota.

July 29, 1981.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas Johnson, County Atty., Vernon E. Bergstrom, Asst. County Atty., Minneapolis, for respondent.

SHERAN, Chief Justice.

This appeal, pursuant to Minn.Stat. § 244.11 (1980), permitting appellate review of sentences in criminal cases, is from a judgment of conviction of aggravated robbery, Minn.Stat. § 609.245 (1980), based on a negotiated guilty plea whereby the state agreed that in exchange for the plea the other charge against defendant (burglary of a dwelling with assault) would be dismissed and defendant's sentence would run concurrently with the unexpired part of a previously imposed prison term. The sentencing judge, in imposing a 72-month prison term, departed from the presumptive sentence of 41 months in prison adopted by the Sentencing Guidelines for one who is convicted of aggravated robbery and has a criminal history score of two, (one point for a prior felony and one point for being on parole). The issues raised by this appeal are (1) whether any departure was justified and (2) if it was, whether the sentence should nonetheless be reduced on the ground that it was unjustifiably severe when compared with the sentences defendant's accomplices received. We affirm.

The robbery of which defendant was convicted occurred on September 4, 1980, at approximately 3:30 a. m. at a residence in Edina. Defendant and two companions, Arlyn Stately and Charles Robinson, went to the house to seek directions and then, when the victim opened the door, powered their way in. There does not seem to be any doubt as to who did what. Defendant and Stately terrorized the victim with threats of death and castration. Defendant also inflicted bodily harm, smashing the victim's head on his knee and, after tying him up, kicking him about the head and body. Robinson did not threaten the victim or inflict any bodily harm and he urged de-

fendant not to hurt the victim. When the men left the house they took a television set and stereo equipment.

The trial court, in sentencing defendant, was aware that Stately (who threatened but did not injure the victim) was sentenced to 45 months in prison (no departure) by a different judge and that Robinson (who did not threaten or hurt the victim and who urged restraint) was sentenced to 18 months (a downward departure) by a third judge. In announcing its decision to depart upward in sentencing defendant, the trial court pointed to the fact that (1) this was not an ordinary gas station or grocery store robbery but was a robbery of an individual in his home, and (2) defendant committed the crime in an unnecessarily harsh manner, threatening violence and death and inflicting injury.

As in *State v. Schantzen,* —— N.W.2d —— (Minn.1981), we conclude that departure was justified because the defendant treated the victim with "particular cruelty" of a kind not normally associated with the commission of the offense in question. The threats and the brutality were wholly gratuitous. The disparity between defendant's sentence and the sentence each of the accomplices received was justified. It was appropriate that Robinson be rewarded because he discouraged violence toward the victim. It was appropriate that defendant receive a greater sentence than that received by Stately because defendant gratuitously inflicted particular cruelty on the victim over and above what Stately did.

Affirmed.