STATE of Minnesota, Respondent,

v.

Marvin Ray ERICKSON, Appellant.

No. 81–585.

Supreme Court of Minnesota.

Dec. 11, 1981.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Gary Hansen and Kenneth W. Safford, Sp. Asst. Attys. Gen., St. Paul, Bruce Gross, County Atty., Windom, for respondent.

PETERSON, Justice.

Defendant was charged with criminal sexual conduct in the first degree and two counts of kidnapping but was found guilty by a district court jury of criminal sexual conduct in the third degree and two counts of false imprisonment. The trial court sentenced defendant to concurrent prison terms of 10 years for the sex offense and 3 years for each of the false imprisonment convictions. Defendant appeals from judgment of conviction contending (1) that all three convictions should be reversed outright on the ground that the evidence was insufficient, (2) that there should be a new trial because the trial court prejudicially erred in permitting use of prior convictions to impeach defendant's credibility when he testified, (3) that defendant's sentence should be reduced because the sentence constituted an unjustified departure from the presumptive sentence established by the Sentencing Guidelines, and (4) that one of the false imprisonment convictions should be vacated pursuant to Minn.Stat. § 609.04 (1980) or at a minimum the sentence vacated pursuant to Minn.Stat. § 609.035 (1980). We affirm defendant's conviction for criminal sexual conduct and one of the two convictions for false imprisonment, modify defendant's sentence, and vacate the remaining conviction of false imprisonment.

The victim in this case was a young married mother who, after shopping with her 21-month-old son, accepted a ride offered her by defendant, whom she had met once before. Rather than taking her to the requested destination, defendant drove her into the country, where he admittedly sexu-

ally penetrated her. At trial defendant claimed the penetration was consensual but complainant testified that defendant told her she had no choice but to submit and that, through facial expressions, reference to a knife and other things, he created an atmosphere of fear which caused her to submit to his demands.

■ 1. We are satisfied that the evidence was sufficient to establish that the penetration was not consensual but was forced or coerced. This case is quite similar to *State v. Carter*, 289 N.W.2d 454 (Minn. 1979), where we upheld a conviction of criminal sexual conduct in the third degree on similar facts.

■ 2. We also conclude that the trial court did not err in denying defendant's motion to prohibit use of defendant's two prior felony convictions, one of which was a sex conviction, to impeach his credibility if he testified. Decisions of this court which particularly support the trial court's ruling in this case are *State v. Bettin*, 295 N.W.2d 542 (Minn.1980), and *State v. Brouillette*, 286 N.W.2d 702 (Minn.1979).

3. The third issue is whether the sentencing departure was justified.

■ The parties agree on appeal that the presumptive sentence for the sex offense was 54 months. The presumptive sentence for the false imprisonment convictions was 19 months each but if consecutive sentencing were used, it would be 1 year and 1 day each. Since the state and defendant agree that one of the false imprisonment convictions should be vacated, we are left with a situation in which the trial court, without departure, could have imposed sentences of 54 months plus 12 months, or a total of 66 months. The sentence actually imposed was 120 months for the sex offense and concurrent terms of 36 months each for the false imprisonment convictions.

The trial court advanced two theories for departure. First, the court stated that defendant had two prior sex convictions, one a misdemeanor conviction for indecent exposure in 1976, one a felony conviction for criminal sexual conduct in the fourth degree in 1979. The court stated that this showed three sex convictions in 4 years. Second, the court noted that "one of the false imprisonment convictions involved a child of 21 months of age."

We believe that the reasons given for departure in sentencing for the sex offense are insufficient.

A misdemeanor conviction is assigned a weight of one unit in a determination of the criminal history score points for felony sentence purposes. Four units equal one point. Fractional points are not considered in past offense point calculations. Minnesota Sentencing Guidelines and Commentary, II.B.-301 (1980). Thus, the trial court should not have considered the misdemeanor conviction as a circumstance warranting departure. The 1979 felony conviction was considered by the trial court in computing defendant's criminal history score and added one point to that score. The use of that same conviction as a ground for departure would become, in effect, counting a single conviction twice and that is contrary to the spirit and intent of the Guidelines.

The second ground relied on was that "one of the false imprisonment convictions involved a child of 21 months of age." We assume that the court was relying on the "particular vulnerability" exception to presumptive sentences. *Id.*, II.D.2.b.(1). That exception applies when the *victim* of the crime is particularly vulnerable and it could be applied here only to the charge of false imprisonment of the child.

In short, we conclude that departure from the presumptive sentence of 54 months for the sex offense was not justified.

There is no reason for us to remand the case for resentencing, as the trial court has clearly demonstrated its intention that the sentence imposed be the maximum permitted by the Guidelines. In this case the maximum sentence for the sex offense is 54 months because that is the presumptive sentence and there is no justification for departing from it. The Guidelines permit imposition of a consecutive sentence for the

false imprisonment of the child in this case, and, since departure was justified for that offense, the presumptive sentence of 1 year and 1 day may be doubled pursuant to the standard which we announced in *State v. Evans*, 311 N.W.2d 481 (Minn.1981). The maximum Guidelines sentence is therefore 78 months, 54 months for the sex offense and a consecutive 24 months for the offense of false imprisonment of the child. We therefore reduce defendant's sentence to 78 months.

4. Pursuant to the concession by the state, we also vacate the conviction of false imprisonment based on defendant's unlawfully confining complainant against her will.

Affirmed in part, with sentence modified and one conviction vacated.