STATE of Minnesota, Respondent,

v.

Sandra L. KIRSCH, Appellant.

No. C7–82–1022.

Supreme Court of Minnesota.

Sept. 9, 1983.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, University of Minn., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty. Rick Osborne, Asst. County Atty., Minneapolis, for respondent.

KELLEY, Justice.

Defendant was found guilty by a district court jury of three counts of theft by swindle over $2,500, Minn.Stat. § 609.52, subds. 2(4), 3(1, 5) (1982). The presumptive sentence for the offense of theft over $2,500 (a severity level III offense) by a person with defendant's criminal history score (zero) is 1 year and 1 day stayed. The trial court sentenced defendant to three consecutive terms of 1 year and 1 day, stayed execution of sentence and placed defendant on probation for 6 years, with probation conditioned on defendant serving 1 year in the workhouse and making restitution. On this appeal from judgment of conviction, defendant seeks (1) an outright reversal on the ground that the evidence of her guilt was legally insufficient, (2) a new trial on the ground that her trial attorney did not adequately represent her or (3) a modification of the sentence so that, if executed, the three terms will run concurrently rather than consecutively. We affirm defendant's conviction but reduce her sentence from 36 months to 32 months.

1–2. There is no merit to defendant's contention that the evidence of her guilt was legally insufficient or that her trial attorney failed to adequately represent her. Defendant is a 43-year-old woman with 20 years experience in secretarial and

bookkeeping jobs. In late 1979 she began working for the victim, Pro-Line Marketing Inc., a Minnetonka firm, and almost immediately began taking money from the company's checking account. The thefts were not discovered until mid-1981, when the total taken exceeded $20,000. Confronted with evidence of her thievery, defendant confessed and claimed that she had cancer and had used the money for trips to Mexico to obtain Laetrile treatments. This was the same explanation, apparently false, that defendant had used in 1978 when her previous employer confronted her with evidence of her thefts of approximately $30,000 from the company passbook at a savings and loan institution. Defendant was not prosecuted for the prior thefts, but evidence of those thefts was admitted at her trial for the thefts from Pro-Line Marketing.

■ Defendant's claim that her trial attorney failed to adequately represent her is based on his failure to subpoena certain business records of Pro-Line Marketing. This issue first came to the trial court's attention at the start of trial, when defendant told the court that she was upset with her trial attorney because he had not subpoenaed the records in question. The attorney replied that he felt that the information that defendant wanted was irrelevant and inadmissible and that therefore he did not try to obtain the records. We believe that the decision regarding the evidence in question is the sort of decision a defense counsel should be allowed to make. Not only was the evidence in question of doubtful relevance, but it seems clear that defendant was not prejudiced by the attorney's failure to subpoena the evidence. In conclusion, we hold that the record on appeal fails to establish that the attorney did not exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *White v. State,* 309 Minn. 476, 248 N.W.2d 281 (1976). We also hold that the evidence of defendant's guilt was sufficient.

3. Defendant makes two arguments in support of her contention that her sentence was improper. Her first contention, that the use of multiple sentences was barred by Minn.Stat. § 609.035 (1982), is answered by our decisions in *State v. Eaton,* 292 N.W.2d 260 (Minn.1980), and *State v. Gamelgard,* 287 Minn. 74, 177 N.W.2d 404 (1970).

■ Defendant's other contention is that the imposition of three consecutive sentences constituted a departure and that under *State v. Evans,* 311 N.W.2d 481 (Minn. 1981), which generally limits durational departures to double the presumptive sentence duration, the court at most could have sentenced defendant to either two consecutive terms (24 months) or to one term of double duration (24 months). The state concedes that the use of consecutive sentencing constituted a departure but argues that the doubling rule of the *Evans* case has no application to departures with respect to consecutive service.

The logic of *Evans* generally bars use of one set of aggravating circumstances as justification for both a durational departure and a departure with respect to consecutive service in the same case, but clearly does not bar use of both a dispositional and durational departure in the same case or a dispositional departure and one with respect to consecutive service in the same case. In this case the trial court did not try to depart both durationally and with respect to consecutive service, but the court's departure with respect to consecutive service resulted in a sentence longer than a double durational departure would produce (assuming that the presumptive sentence for each offense is 1 year and 1 day). We believe that logically the *Evans* rule should apply in this case also.

This, however, does not mean that defendant's sentence must be limited to 24 months. The sentence should be limited to the maximum that the trial court could have imposed under the Guidelines. Using the so-called *Hernandez* method of computing defendant's criminal history score, the trial court could have assigned defendant a criminal history score of zero for the first offense, one for the second offense, and two for the third offense and made the sentences concurrent. *See* Minnesota Sentenc-

ing Guidelines and Commentary, II.B.101. (1982) and *State v. Hernandez,* 311 N.W.2d 478 (Minn.1981). This would give defendant presumptive concurrent sentences of 1 year and 1 day, 13 months and 16 months respectively. Doubling the 16-month sentence would result in a 32-month sentence. Accordingly, we reduce defendant's sentence from 36 to 32 months.

Affirmed as modified.