**STATE of Minnesota, Respondent,**

v.

**Frank James WITTIG, Appellant.**

**No. C3–83–1125.**

Court of Appeals of Minnesota.

Feb. 8, 1984.

tence of 45 months, a triple durational departure, stayed execution for 10 years with 10 years probation; conditioned on one year in the workhouse, restitution, and defendant's full cooperation with the Minnesota Department of Revenue. We affirm.

## FACTS

The charge in this case arises from the defendant's activities between April 7, 1981 and September 23, 1982. During this time, defendant submitted numerous false income tax returns using 35 fictitious names. The total dollar amount of income and property tax refunds for the years 1980 and 1981 deposited in defendant's bank account was $54,836.11.

While investigating defendant's criminal activities in 1981–82, it was discovered that he had actually been submitting false income tax returns since 1977, obtaining at least $126,870.26 from the Minnesota Department of Revenue by using 70 fictitious taxpayers' names.

The defendant was originally charged with six counts of theft by swindle over $2,500, aggregating. For purposes of plea negotiation, these six counts were incorporated into an amended complaint filed on April 1, 1983, listing one count of theft by swindle over $2,500, aggregating, to which defendant entered a guilty plea on May 20, 1983.

Defendant was sentenced on July 6, 1983. The plea agreement was for sentencing according to the guidelines. At sentencing, the trial court stated he would accept the negotiation as to disposition and stay execution, but would depart and triple the duration to 45 months because of "the nature and extent of the crime, its sophistication, the amount of money involved" and the flagrant use of the stolen money to make restitution for a previous felony. Neither defendant nor his counsel objected to the durational departure at that time.

On July 13, 1983, defendant filed a motion to withdraw his plea of guilty and set aside the judgment and sentence because of the court's sentence departure. This

Kenneth Meshbesher, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Henn. Co. Atty., J. Michael Richardson, Asst. Henn. Co. Atty., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., FOLEY and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This is a sentencing appeal. The defendant pleaded guilty to a charge of theft by swindle of a sum in excess of $2,500 aggregating, in violation of Minn.Stat. § 609.52, subd. 2(4), subd. 3(1) and subd. 3(5). The presumptive sentence for defendant's crime (a severity level IV offense), with defendant's criminal history score of one, is a stayed sentence of 15 months. On July 6, 1983, the sentencing court imposed a sen-

motion was denied on August 4, 1983, but defendant was re-sentenced and restitution was deleted as a condition of his probation, apparently because the IRS is actively pursuing collection measures against defendant.

## ISSUES

1. Was trial court's triple departure from presumptive sentence and imposition of a 45 month stayed sentence proper for this economic crime?

2. Did trial court's departure from presumptive sentence require that defendant be permitted to withdraw his plea when plea negotiation was for sentencing according to guidelines, and where defendant made no objection to departure at time of sentencing?

## ANALYSIS

Defendant asserts two grounds for reducing the sentence imposed by the trial court. First, defendant claims that the facts in this case are not "so unusually compelling" that a triple departure is justified. He cites Minnesota Supreme Court decisions involving violent crimes where upward departures greater than double the presumptive sentence require unusually compelling facts. *State v. Evans,* 311 N.W.2d 481, 483 (Minn.1981); *State v. Blue,* 327 N.W.2d 7, 13 (Minn.1982).

1. The defendant argues that by comparison with the heinous facts of the above cases a triple departure for theft by swindle cannot be justified. Defendant concedes that comparing a property offense with violent crimes "is a somewhat abstract exercise." We agree.[1]

---

1. It is not an abstract exercise, however, to compare the facts and punishment in this case with the situation in *State v. Moore,* 340 N.W.2d 671 (Minn.1983), where the trial court denied a defense motion to consolidate eight counts of forgery in a theft of $40,000 into one count of theft. Defendant had obtained the $40,000 from her employer by separate acts of forgery. Upon her subsequent plea of guilty to eight counts, with a zero criminal history score, she was sentenced *consistent with the guidelines,* using the *Hernandez method—see State v. Hernandez,* 311 N.W.2d 478 (Minn.1981), to 27 months in

The departure here was clearly justified by aggravating circumstances and was proper under the guidelines. Our appellate courts have approved upward durational departures where defendant's offense was a major economic crime. *State v. Brigger,* 316 N.W.2d 512 (1982); *State v. Hamer,* 341 N.W.2d 578 (Minn.App.1983). The guidelines define such a crime as:

an illegal act or series of illegal acts committed by other than physical means and by concealment or guile to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage.

The guidelines also recognize departure for a major economic offense when two or more of the following are present:

(a) the offense involved multiple victims or multiple incidents per victim;

(b) the offense involved an attempted or actual monetary loss substantially greater than the usual offense, or substantially greater than the minimum loss specified in the statutes;

(c) the offense involved a high degree of sophistication or planning, or occurred over a lengthy period of time;

(d) the defendant used his or her position or status to facilitate the commission of the offense, including positions of trust, confidence or fiduciary relationships; or

(e) the defendant had been involved in other conduct similar to the current offense as evidenced by the findings of civil or administrative law proceedings or the imposition of professional sanctions.

Minnesota Sentencing Guidelines IID.-2.b(4) (1983).

prison on counts seven and eight, concurrent with deferred probation of 30 years on the first six counts commencing after her prison term, and full restitution. The Supreme Court held that the trial court did not err in refusing to depart dispositionally, and that the facts arguably could have justified an upward durational departure. The Supreme Court stated the trial court only erred in making the terms of probation consecutive and modified only the probationary portion of the sentence to 10 years. (Emphasis added.)

This case involves a major economic crime. Factors (a), (b) and (c), as well as other aggravating circumstances, are supported by the record: (a) the offense involved multiple incidents; (b) it involved a monetary loss substantially greater than the usual offense, $55,000 as compared to $2,500; (c) the offense involved a high degree of sophistication and planning, with the use of over 35 fictitious taxpayers, and occurred over a period of years. An additional aggravating factor was that defendant used part of the stolen tax dollars to make restitution for a prior felony.

Because of defendant's systematic bilking of public funds and because the victims are honest taxpayers, the aggravating factors in this case are more compelling than in other economic crime cases where upward durational departures have been upheld.

A durational *and* dispositional departure of one and one half times the presumptive sentence was upheld in *State v. Lalli*, 338 N.W.2d 419 (1983). In *Lalli*, defendant, was a superintendent of a public utility who sold scrap electical wire to one particular individual and received payoffs in amounts varying from $20 to $500. The presumptive sentence was one year and one day, stayed. The court imposed an 18-month executed sentence and fined defendant $3,000, which the Supreme Court upheld.

The Supreme Court upheld a double durational departure in *State v. Kirsch*, 338 N.W.2d 45 (1983). In *Kirsch*, the defendant was a secretary and bookkeeper who defrauded her employer of approximately $20,000 over a two-year period by taking money from the company's checking account.

Recently, in *State v. Hamer, supra*, this court upheld a nearly double durational *and* dispositional departure for theft by swindle in excess of $2,500 where the defendant breached his position of trust as a bookkeeper at a nursing home. The defendant stole all the money of an elderly nursing home resident, over $36,000, while on probation for a similar offense.

By comparison, the defendant's activities in this case are far more complex, involve a greater degree of planning, a higher level of sophistication, a greater number of incidents and a much greater economic loss.

■ 2. Defendant's second claim is that the plea agreement was for sentencing according to the sentencing guidelines and, therefore, "it is treacherous for the state to now vigorously argue in support of a triple departure." Rule 15.04, subd. 3(1) of the Rules of Criminal Procedure states:

If a plea agreement has been reached which contemplates entry of a plea of guilty, the trial court judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. When such a plea is tendered and the defendant questioned, the trial court judge shall reject or accept the plea of guilty on the terms of the plea agreement. The court may postpone its acceptance or rejection until it has received the results of a pre-sentence investigation. *If the court rejects the plea agreement, it shall so advise the parties in open court and then call upon the defendant to either affirm or withdraw his plea.* (Emphasis added.)

In this case, the court stated to the parties in open court that it would accept the plea negotiations to the extent it called for a stayed sentence, however, because of aggravating circumstances, the court would not accept the agreement to follow presumptive duration of 15 months.

It is clear from a reading of the sentencing transcript that defendant was informed of the modification in the plea agreement and accepted it.

## DECISION

This case is precisely the kind of case in which the unusually compelling circumstances justify the triple departure. It was a major economic crime involving theft of tax money from the state of Minnesota. The activities occurred over a lengthy period of time and involved a high degree of

sophistication and planning. Furthermore, the defendant's use of part of the stolen money to make restitution for a prior felony conviction was egregious.

We affirm.