STATE of Minnesota, Respondent,

v.

Bradley Martin ZEIGLER, Appellant.

No. C6–84–1145.

Court of Appeals of Minnesota.

Oct. 23, 1984.

Hubert H. Humphrey, III, Atty. Gen., Alan L. Mitchell, St. Louis County Atty., Peter M. Banovetz, Asst. County Atty., Duluth, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Bradley Zeigler appeals from the sentences imposed for two sales of LSD to an undercover agent. Appellant contends the trial court abused its discretion in executing two presumptively stayed sentences. We affirm.

## FACTS

Appellant sold 800 units of LSD to undercover agent Bruce Preece of the Bureau of Criminal Apprehension for $1,330. About two weeks later, he sold Preece 1,460 units of LSD for $2,300. Appellant pleaded guilty to two counts of sale of controlled substances in violation of Minn. Stat. § 152.09, subd. 1(1) (1982) with reference to Minn.Stat. § 152.01, subd. 4, § 152.-02, subd. 2(3) and § 152.15, subd. 1(2) (1982).

The presumptive sentence, based on a severity level VI offense and using the *Hernandez* method of computing appellant's criminal history score, was 26 months stayed for the first offense and 30 months stayed for the second offense. *See State v. Hernandez*, 311 N.W.2d 478 (Minn. 1981). The trial court departed dispositionally and sentenced appellant to concurrent executed sentences of 26 and 30 months.

## ISSUE

Did the trial court abuse its discretion in departing dispositionally?

## ANALYSIS

Minnesota Sentencing Guidelines II.D.2. contains a non-exclusive list of factors which may be used for departure. The guidelines do not indicate these factors are only for durational departures as appellant argues. As the comments to the guidelines state,

When [substantial and compelling] factors are present, the judge may depart from the presumptive *disposition or duration* provided in the guidelines, * * *

Minnesota Sentencing Guidelines and Commentary, II.D.01. (emphasis added).

Appellant contends that, in deciding whether to depart dispositionally, the only consideration is whether a defendant is unamenable to probation. The Minnesota Supreme Court has rejected this contention. In *State v. Gartland*, 330 N.W.2d 881 (Minn.1983), the court upheld the dispositional departure of a presumptively stayed prison term. The court said:

In most of the cases in which we approved execution of presumptively-stayed prison terms we have relied on the defendant's particular unamenability to probation. *See, e.g., State v. Garcia*, 302 N.W.2d 643 (Minn.1981). In this case the trial court did not rely on that but instead relied on its opinion that defendant's conduct was more serious than that usually associated with the offense in question.

*Id.* at 883.

Similarly, in *State v. Lalli*, 338 N.W.2d 419, 421 (Minn.1983), the court upheld both a dispositional and an upward durational departure based on the same aggravating factor—that the defendant committed a major economic offense.

In this case, the trial court relied on the fifth aggravating factor listed in the sentencing guidelines, the one dealing with major controlled substance offenses. This factor reads:

(5) The offense was a major controlled substance offense, identified as an offense or series of offenses relating to trafficking in controlled substances under circumstances more onerous than the usual offense. The presence of two or more of the circumstances listed below are aggravating factors with respect to the offense:

\* \* \* \* \* \*

(b) the offense involved an attempted or actual sale or transfer of controlled substances in quantities substantially larger than for personal use; or

\* \* \* \* \* \*

(e) the circumstances of the offense revealed the offender to have occupied

a high position in the drug distribution hierarchy;

\* \* \* \* \* \*

Minnesota Sentencing Guidelines II.D. 2.b.(5).

The trial court based the departure on sections (b) and (e). Our review of the record supports the trial court's determination.

 Agent Preece testified at sentencing that appellant sold 800 units of LSD in the first transaction, and about 1,500 units of LSD in the second transaction. He testified that one unit of LSD provides a high for one person, and that, by BCA standards, the amount was a large quantity. Thus, the trial court was justified in finding the offense involved quantities substantially larger than for personal use.

The trial court was also justified in determining that, based on the circumstantial evidence, the appellant occupied a high position in the drug distribution hierarchy. Agent Preece testified the price for which he purchased the LSD was $1.67 per unit in the first transaction and $1.53 in the second transaction. He testified that normally LSD can be purchased on the street from $4.00 to $7.00 per unit, and that based on his experience the low purchase price indicates that appellant was not far removed from the original manufacturer and source of the LSD. Agent Preece also testified about appellant's efforts in using an intermediary, reflecting some experience in drug trafficking. Preece also stated he did not have to "front" the money to appellant before appellant obtained the LSD, indicating that appellant had developed a certain amount of trust with his supplier. Agent Preece also testified that appellant told him his source had recently moved from San Francisco. Preece testified that LSD usually originates in San Francisco, and no LSD lab has ever been uncovered in Minnesota.

## DECISION

The dispositional departure, in the form of execution of presumptively stayed sentence, was justified because appellant committed a major controlled substance offense.

Affirmed.