STATE of Minnesota, Respondent,

v.

Jeff LITZINGER, Appellant.

No. C2–86–370.

Court of Appeals of Minnesota.

Aug. 5, 1986.

Review Granted Sept. 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., Wayne H. Swanson, Polk County Atty., Crookston, for respondent.

C. Paul Jones, State Public Defender, Bradford Colbert, Asst. State Public Defender, Minneapolis, for appellant.

Heard, considered, and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

In this sentencing appeal, appellant Jeff Litzinger contends the durational departures were not justified because he did not commit a major economic offense. We affirm.

## FACTS

Appellant Jeff Litzinger was charged in Polk County District Court with several counts of burglary, theft, criminal damage to property, and receiving stolen property, relating to eight separate incidents. He pleaded guilty to seven counts of burglary in the second degree and one charge of receiving stolen property. The incidents and sentences were as follows:

1. On May 6, 1985 appellant went into an open window of the East Grand Forks Sr. High School, took $175 and caused damage in excess of $300. Appellant was sentenced for second degree burglary to an executed term of 15 months, based on a severity level IV offense and criminal history score of 1. (Appellant requested execution of the presumptive stayed sentence.)

2. On May 28, 1985 appellant crawled through a window at the Scrub-A-Hub Car Wash in East Grand Forks. Appellant claimed he found no money in the till, but a restitution certificate claimed $150 was taken. Property damage of $254 was also sustained. Appellant was sentenced for second degree burglary to an executed term of 15 months, based on a severity level IV offense and a criminal history score of 2.

3. On June 5, 1985 appellant broke into the Lumber Mart in East Grand Forks and then broke into a safe. Appellant took $700 and caused over $6,000 damage to the premises. Appellant was sentenced for burglary in the second degree to an executed term of 21 months, based on severity level IV offense and a criminal history score of 3.

4. On June 13, 1985 appellant broke into the offices of the Bible Baptist Church in East Grand Forks. Appellant claimed he stole $550, but a certificate of restitution listed damages of about $6,400, including over $2,000 in stolen cash. Appellant was sentenced for second degree burglary to an executed term of 25 months based on severity level IV offense and criminal history score of 4.

5. On June 30, 1985 appellant broke into Dave Apco, Inc. He claimed he took $300 from a safe; a certificate of restitution indicates losses of over $1,345.96, including $1,072.96 from theft. Appellant was sentenced for second degree burglary to an executed term of 32 months, based on a severity level IV offense and a criminal history score of 5.

6. On June 30, 1985 appellant broke into the River Heights Evangelical Lutheran Church in East Grand Forks. Appellant claimed no money was in the safe; a certificate of restitution claimed $1,166.99 in damages. Ap-

pellant was sentenced for second degree burglary to an executed term of 82 months, a double durational departure from the presumptive 41–month sentence based on a severity level IV offense and a criminal history score of 6.

7. On July 15, 1985 appellant entered the Valley Lumber Company through the back door. Appellant stated he took $11. Appellant was sentenced for second degree burglary to an executed term of 82 months, a double durational departure from the presumptive 41–month sentence based on a severity level IV offense and a criminal history score of 6 or more.

8. On July 31, 1985, pursuant to a search warrant, a search of appellant's apartment was conducted in which the police recovered a .357 Magnum, jewelry, and marijuana. Appellant was sentenced to 60 months for receiving stolen property, a 19–month durational departure from the presumptive 41–month sentence, based on a severity level IV offense and a criminal history score of 6 or more.

Litzinger's sentences were to run concurrently. The latter three sentences involved durational departures. The trial court justified the departures on the ground that Litzinger's conduct "constitutes a major economic crime against the businesses of this community." The court noted that Litzinger intended to plead guilty to 26 counts of burglary in North Dakota and that he had pleaded guilty to seven counts of second degree burglary and two counts of third degree burglary in Clearwater County District Court.

## ISSUES

1. Did the trial court err in concluding that appellant's conduct constituted a major economic offense, justifying a departure from the sentencing guidelines?

2. Does the record contain substantial and compelling circumstances to support a departure?

## ANALYSIS

1. Under the sentencing guidelines, the trial court may depart if the offense is a major economic offense, defined as "an illegal act or series of illegal acts committed by other than physical means and by concealment or guile to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage." Minnesota Sentencing Guidelines II.D.2.b.(4).

Neither shoplifting, *State v. Gross,* 332 N.W.2d 167 (Minn.1983), nor receiving stolen property are major economic offenses. *State v. Carr,* 361 N.W.2d 397, 402 (Minn. 1985). While burglary is classified under the heading "damage or trespass to property," *State v. Hodges,* 386 N.W.2d 709, 711 (Minn.1986), we do not believe it is a major economic offense. It is not an action committed by "other than physical means" and by "concealment or guile." In fact, in this case most of the losses claimed involved property damage and were caused by "physical means." The State suggests that major economic crimes should include all crimes except those of physical violence against persons. This suggestion has been rejected implicitly by the supreme court in *Gross* and *Carr.* The "major economic offense" factor cannot justify the departures in this case.

2. The Minnesota Sentencing Guidelines contain a nonexclusive list of departure factors. Minnesota Sentencing Guidelines and Comment II.D.2 and II.D.201. The Minnesota Supreme Court has enunciated several aggravating factors beyond those in the Sentencing Guidelines. *See, e.g., State v. Winchell,* 363 N.W.2d 747, 750–51 (Minn.1985) (zone of privacy; presence of young children); *State v. Ming Sen Shiue,* 326 N.W.2d 648, 654–55 (Minn.1982) (concealment of victim's body). Here, we have a strong feeling that the sanction dictated by the guidelines is less than that proportional to Litzinger's overall conduct. *See State v. Schantzen,* 308 N.W.2d 484, 487 (Minn.1981). Litzinger was being sen-

tenced for seven burglaries he committed in Polk County within a two-month period. Further, at sentencing, defense counsel stated that Litzinger intended to plead guilty to 26 counts of burglary in Grand Forks County, North Dakota, and it appears undisputed that Litzinger pleaded guilty to nine counts of burglary in Clearwater County District Court, Minnesota.

Litzinger is not a typical burglar because of the sheer number of burglaries he committed within a relatively short period of time. Although he was sentenced pursuant to *State v. Hernandez,* 311 N.W.2d 478 (Minn.1981), it is ludicrous that the maximum sentence he could receive under the Sentencing Guidelines is 41 months. Under the guidelines, sentencing is to be proportional to the severity of the offense and the defendant's criminal history; it is not to be disproportionately lenient. *See State v. Loitz,* 366 N.W.2d 744, 746 (Minn.Ct.App.1985). We are aware that, *generally,* a defendant's criminal history cannot be a ground for departure since it would constitute counting a single conviction twice. *State v. Magnan,* 328 N.W.2d 147, 149 (Minn.1983); *State v. Erickson,* 313 N.W.2d 16, 18 (Minn.1981). The primary determinant of sentencing is the seriousness of the current offense, not the criminal history. Minnesota Sentencing Guidelines Comment II.B.203.

However, this is an exceptional case. We believe that, when a burglar is engaged in a *major crime spree* to such an extent that, even under *Hernandez,* sentencing is not proportional to the severity of the overall conduct, departure is allowed. Hence, we affirm the trial court's departures in this case.

### DECISION

Burglary in the second degree and receiving stolen property are not "major economic offenses" under the sentencing guidelines. Substantial and compelling circumstances support the departure on the ground that appellant was engaged in a major crime spree.

Affirmed.