STATE of Minnesota, Respondent,

v.

Jeff LITZINGER, Petitioner, Appellant.

No. C2–86–370.

Supreme Court of Minnesota.

Oct. 24, 1986.

C. Paul Jones, State Public Defender, Bradford Colbert, Asst., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Wayne H. Swanson, Polk Co. Atty., Crookston, for respondent.

AMDAHL, Chief Justice.

We granted the petition of Jeff Litzinger to review a decision of the Court of Appeals affirming upward durational departures from three presumptive concurrent sentences obtained using the so-called *Hernandez* method of computing his criminal history score. The Court of Appeals recognized a new ground for an upward durational departure from a presumptive sentence—specifically, that the defendant was involved in a "major crime spree." *State v. Litzinger*, 391 N.W.2d 82 (Minn.App.1986). Holding that the record does not justify the departures, we reduce the three sentences in question to 45 months each, which under the circumstances is the maximum duration allowed by the Sentencing Guidelines for these offenses.

Defendant was charged in Polk County with seven counts of burglary (for burglaries of different businesses, churches and schools occurring May 6, May 28, June 5, June 13, June 30, June 30, and July 15, 1985) and one count of receiving stolen property (for possessing stolen property found in his apartment in a search on July 31, 1985). The estimated damages and losses involved in the seven burglaries total $16,700. All the offenses are severity level IV offenses. The trial court used the *Hernandez* method to determine defendant's criminal history score, meaning in his case that he had a criminal history score of one for the first offense, two for the second, three for the third, four for the fourth, five for the fifth and "six or more" for the sixth, seventh, and eighth offenses. *State v. Hernandez*, 311 N.W.2d 478 (Minn.1981); Minnesota Sentencing Guidelines and Commentary II.B.101 (1986). If the trial court had followed the Sentencing Guidelines, it would have sentenced defendant to concurrent sentences, the longest being executed terms of 41 (37–45) months for the last three offenses. Instead, the court departed durationally, sentencing defendant to concurrent terms of 82 months for each of the sixth and seventh offenses and 60 months for the eighth. The court based this on its belief that defendant's conduct constituted a major economic offense.

The Court of Appeals disagreed with the view that this was a major economic offense, pointing to our decisions in *State v. Carr*, 361 N.W.2d 397 (Minn.1985) and *State v. Gross*, 332 N.W.2d 167 (Minn.1983), holding that receiving stolen property and shoplifting are not nonphysical economic offenses. It ruled, however, that because of the "sheer number of burglaries [that defendant] committed within a relatively short period of time" in what it called a "major crime spree" and because it is "ludicrous that the maximum sentence [defendant] could receive under the Sentencing Guidelines is 41 months," it was permissible for the trial court to double the presumptive sentence. 391 N.W.2d at 84–85.

Of our prior cases dealing with appropriate ways for a trial court to maximize a defendant's sentence when defendant is being sentenced on one day for a string of current offenses, the leading one and the one most relevant to the facts of this case is *State v. Hernandez*, 311 N.W.2d 478 (Minn.1981). There the defendant pleaded guilty to 3 of more than 50 burglaries that he admittedly committed. Sentencing for the offenses to which he pleaded guilty was held on one day. The presumptive sentence durations computed by the probation agent, giving the defendant three points for each offense, were 1 year and 1 day, 19 months and 19 months. The trial court sentenced the defendant to 36 months, stating that it was a technical departure but that it was justified since the court could have spread out the sentencing over several days and obtained the same sentence. We held that the trial court could have used what came to be known as the *Hernandez* method in computing defendant's criminal history score even though the court sentenced defendant on the same day for all the current offenses but that that would have yielded a presumptive sentence of 27 months. We reduced the sentence from 32 months to 27, saying that the trial court did not intend to

depart and that "There is nothing in the record to justify increasing the term to 36 months." 311 N.W.2d at 481.

As we have applied *Hernandez*, the trial court in this case could have departed from the presumptive sentence obtained using the *Hernandez* method for any of the offenses if it could be said that there was a basis for a departure, *e.g.*, that the petitioner committed the offense in a particularly serious way. For example, in *State v. Kirsch*, 338 N.W.2d 45 (Minn.1983), the defendant was convicted of three counts of theft by swindle over $2,500; the charges were based on evidence that the defendant took approximately $20,000 from the same victim in a single ongoing scheme. We ruled that Minn.Stat. § 609.035 did not bar use of multiple sentencing and upheld the use of the *Hernandez* method to obtain presumptive concurrent sentences of 1 year and 1 day, 13 months and 16 months, with the 16-month sentence being doubled because departure was justified. Another case in which we allowed doubling of the presumptive sentence obtained using the *Hernandez* method is *State v. Broten*, 343 N.W.2d 38 (Minn.1984). There the defendant committed a series of five store burglaries in one night in Roseau, setting a fire that resulted in damages to three buildings. The defendant pleaded guilty to the arson and burglary counts involving two of the buildings, a total of four counts. The trial court used the *Hernandez* method to obtain a presumptive sentence of 44 months for one of the arson counts and departed by imposing a 66–month term. We upheld the departure, stating that the conduct underlying the arson conviction in question was more serious than that underlying a typical arson conviction (the one offense

directly affected several people and indirectly affected hundreds of people).

Our case is distinguishable from those cases, where departure was permitted, and analogous to *Hernandez*, where it was not permitted. The Court of Appeals' reliance on the fact that petitioner committed a large number of burglaries in a relatively brief period of time does not distinguish this case from *Hernandez*, where the three burglaries to which the defendant pleaded guilty were only 3 of the more than 50 burglaries the defendant admitted committing. The general question that a trial court must answer in deciding whether to depart durationally or with respect to consecutive service is whether the defendant committed the offense in question in a particularly serious way. *State v. Ott*, 341 N.W.2d 883 (Minn.1984) (refusing to allow departure as to consecutive service in case where *Hernandez* method used for two burglaries/theft convictions; we relied on general rule that sentencing court cannot rely on underlying facts unless they show that the defendant committed the offense in question in a particularly serious way).[1] In numerous cases we have cautioned against using a defendant's criminal history as a basis for a durational departure or departure with respect to consecutive service. *See, e.g., State v. Erickson*, 313 N.W.2d 16 (Minn.1981). Similarly, we have made it clear that the trial court's general disagreement with the Sentencing Guidelines or with the presumptive sentence adopted by the Sentencing Guidelines Commission is not a proper basis for departing from the presumptive sentence. *See e.g., State v. Bellanger*, 304 N.W.2d 282 (Minn. 1981). Thus, even if we agreed with the Court of Appeals that the presumptive sentence was too lenient under the facts of this case,[2] we could not uphold the depar-

1. If all the charges against defendant had been consolidated into one charge for sentences purposes (in which case *Hernandez* would have no application), it might have been proper to lump all the offenses together and say that the underlying conduct was particularly serious. *See, e.g., State v. Lalli*, 338 N.W.2d 419 (Minn.1983), where the consolidation was done at the prosecutor's recommendation. But that was not done and we do not think it is proper to consid-

er all the offenses as bearing on the decision to depart durationally from the presumptive sentences for the individual offense.

2. Compare this case (where the maximum presumptive sentence is 45 months) with *State v. Moore*, 340 N.W.2d 671 (Minn.1983) (where, using the *Hernandez* method, we determined that the appropriate presumptive sentence for a woman who stole $40,000 from her employer

tures absent a sufficient showing that the defendant committed the offenses in question in a particularly serious way. There was no such showing here. Further, we note that the effect of the Court of Appeals' decision would be to increase disparity. As things stand now, there is some disparity in cases like this stemming from the fact that one prosecutor might let a defendant connected to 50 burglaries plead to 3 charges (*Hernandez*), whereas another prosecutor might want to build up the defendant's criminal history score to six or more using the *Hernandez* method. Affirming the Court of Appeals' opinion would in effect increase the disparity by letting those prosecutors who are so inclined circumvent the Sentencing Guidelines Commission's decision to treat all offenders with criminal history scores of six or more identically if they commit the same offense.

Concluding that the Court of Appeals' decision departs from decisions of this court as to the use of the *Hernandez* rule, as to grounds for departing, and as to the information that may be used to justify departure, we reduce the sentences in question to 45 months.

Affirmed as modified.

was 27 months), with *State v. Kirsch*, 338 N.W.2d 45 (Minn.1983) ($20,000 taken; maximum sentence of 32 months), with *State v. Broten*, 343 N.W.2d 38 (Minn.1984) (building destroyed, newspaper's files destroyed, hundreds of people affected; maximum sentence of 51 months), with *State v. Lone*, 361 N.W.2d 854 (Minn.1985) (where presumptive sentence was 21 months stayed but this court, saying that the offense was a major economic offense, upheld a dispositional departure), and with *State v. Wittig*, 343 N.W.2d 711 (Minn.App.1984) (Court of Appeals upholding 45–month stayed sentence, a triple durational departure from the presumptive sentence of 15 months stayed, for defendant who cheated the government out of $55,000).