**STATE of Minnesota, Respondent,**

v.

**James Simon OGRIS, Appellant.**

**No. C5–86–1724.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

Hubert H. Humphrey III, Atty. Gen., Tom Foley, Ramsey Co. Atty. and Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender and Susan Andrews, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and PARKER and RANDALL, JJ., with oral argument waived.

### OPINION

LESLIE, Judge.

Appellant James Ogris pleaded guilty to theft, Minn.Stat. § 609.52, subd. 2(1); subd. 3(1) (1984) and the trial court imposed a 50 percent upward departure in sentencing ap-

pellant to 39 months imprisonment. We reduce the sentence to 26 months.

## FACTS

On April 10, 1986 appellant broke into a car parked at a ramp in downtown St. Paul and removed jewelry, camera equipment and a fuzz buster. As he was about to leave the owner of the car confronted appellant. Appellant ran off with the jewelry and sold the items, valued over $2,500 for $125.

Following appellant's guilty plea, the trial court received a presentence investigation report. Appellant's criminal history score was 4 and he committed a severity level IV offense.

In departing upwards the trial court stated that appellant has been engaged in criminal behavior for 20 years since he was an 11 or 12 year old juvenile. The trial court noted that appellant has eight misdemeanor convictions. The trial court said:

Now, it is true that only one (1) point is calculated in the guideline criminal history score for misdemeanors, regardless of their number. This means, as far as this defendant is concerned, that there is only one (1) point for his eight (8) misdemeanors. And, because of the principle of decay, a felony to which he pled guilty, for which a gross misdemeanor sentence was imposed many years ago, has decayed and gives the defendant no points in the criminal history score.

These facts, in the Court's judgment, skew the guidelines too much in the defendant's favor. The guidelines criminal history score is not truly reflective, then, of the defendant's true criminal history and this, in the Court's judgment, is an important, aggravating factor.

This defendant is now approximately 32 years old and it's clear that, because of the 20–year criminal history, he has decided to lead a criminal life style, probably on a permanent basis. There is no question that he's unamenable to probation supervision and this is borne out by the fact that, following his arrest for this offense, he was charged with another

offense and has allegedly committed another offense for which he is not being charged, as a part of the plea bargain.

The Court feels these are sufficiently compelling reasons for adding thirteen (13) months to his sentence.

## ISSUE

Does the record contain substantial and compelling circumstances to support the departure?

## ANALYSIS

In *State v. Litzinger*, 394 N.W.2d 803 (Minn.1986) the supreme court reversed a court of appeals decision supporting an upward departure. In *Litzinger* we had expressed concern that the defendant's presumptive sentence was only 41 months when he was being sentenced for 7 burglaries committed within a two-month period and when the defendant intended on pleading guilty to 26 counts of burglary in another state and had pleaded guilty to 9 counts of burglary in another county. *See State v. Litzinger*, 391 N.W.2d 82 (Minn.Ct. App.1986). The supreme court stated:

In numerous cases we have cautioned against using a defendant's criminal history as a basis for a durational departure or departure with respect to consecutive service. [Citation omitted.] Similarly, we have made it clear that the trial court's general disagreement with the Sentencing Guidelines or with presumptive sentence adopted by the Sentencing Guidelines Commission is not a proper basis for departing from the presumptive sentence.

These comments are applicable to the trial court's departure reasons in this case.

The general question that a trial court must answer in deciding whether to depart durationally is whether the defendant "committed the offense in question in a particularly serious way." *Id.* There was no such showing here. The sentence cannot be upheld because there are no substantial and compelling circumstances justifying a departure.

## DECISION

We reduce appellant's sentence in question to 26 months, the maximum presumptive guideline sentence based on appellant's criminal history score.

Affirmed as modified.