STATE of Minnesota, Respondent,

v.

Tommy J. EVANS, Appellant.

No. 81–474.

Supreme Court of Minnesota.

Oct. 26, 1981.

Rehearing Denied Dec. 24, 1981.

C. Paul Jones, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Anne Peek, Minneapolis, for respondent.

AMDAHL, Justice.

This is a sentencing appeal. Defendant pled guilty to two different charges of aggravated robbery involving different victims and different incidents. The parties agree that defendant's criminal history score is zero. The presumptive sentence for aggravated robbery by one with a criminal history score of zero is 24 months in prison. The Guidelines also provide that consecutive sentencing in this situation is not a departure. Minnesota Sentencing Guidelines and Commentary, II.F.2. (1980). Thus, the Guidelines would permit a 48-month sentence here without justification being required. The presentence investigation report recommended the maximum term (20 years for each offense, with the sentences to run consecutively). The trial court sentenced defendant to consecutive terms of 15 years each or a total of 30 years. Defendant's attorney, not conceding that any departure was proper, argues primarily that the degree of departure was clearly excessive and unjustified. We hold that departure was justified but we reduce the total length of the term to 96 months, twice that of the total presumptive term.

In a short period in November, 1980, defendant was allegedly involved in at least eight separate street robberies, most involving use of physical force, of elderly men and women. Two of these robberies led to the convictions on which the sentences being appealed were based. On November 22, 1980, defendant and an accomplice went to the south Minneapolis home of an elderly married couple, forced their way in, and robbed them. Defendant apparently punched the husband in the chest in gaining entry to the house and his accomplice held a wallpaper-trimming knife against the man's throat and threatened to kill the couple if they did not get what they wanted.

On November 23, 1980, defendant and three accomplices committed a similar offense against an elderly married couple at their north Minneapolis home as the couple returned from church. Defendant and one of his accomplices confronted the husband as he was parking his car in the garage. Defendant hit the husband when the man said that he did not have a wallet, while the accomplice jabbed at the husband's rib area with a shovel handle, kicked him in the head, and threatened him with a knife. They took the husband's wallet and his gold watch. Meanwhile, another accomplice got the wife from the house, brought her to the garage, took her engagement ring and wrist watch, and pushed her to the floor before leaving. The husband sustained three cracked ribs, a black eye and a large lump and contusion on his face. The wife sustained bruises on her right wrist, right arm, and legs.

Defendant was charged with two counts for each of the two robberies and pled guilty to one count per robbery. Two of his accomplices in the November 23 robbery, Harvey Land and Dwayne Stanifer, were charged in connection with that robbery. Land, who pled guilty to one count of simple robbery, received a stayed 18-month sentence and 5 years' probation. Stanifer pled guilty to aggravated robbery and was sentenced to the presumptive term of 41 months in prison, based on a criminal history score of two.

As we indicated, defendant's attorney does not concede that any departure was

justified. Her main argument, however, is not that departure was unjustified but that the degree of departure was excessive and unjustified.

■ We believe that departure clearly was justified on at least two grounds: the vulnerability of the victims and the gratuitous cruelty inflicted on them. II.D.2.b. This being so, we do not see the necessity of deciding whether the other grounds relied upon by the trial court also provide proper justifications for departure.

The real issue is not whether departure was justified but whether the departure was excessive under the circumstances.

■ We believe that the departure was excessive. If defendant were to actually serve 20 years in prison, which is the term he would serve if he received the maximum good-time credit, he would serve longer than some people have served for first-degree murder. The 360 months is over three times longer than the term of 116 months specified for first-time offenders convicted of second-degree murder. Even if defendant had had a criminal history score of six or more, the presumptive sentence (assuming use of consecutive sentences) for the two robberies would have been only 121 months (97 plus 24). If defendant had had a criminal history score of six or more and committed second-degree murder, the presumptive sentence still would have been less—324 months.

In *State v. Schantzen*, 308 N.W.2d 484 (Minn.1981) we discussed the problem of the length of sentence to be imposed when a departure from the presumptive sentence was proper. There we said:

> While we conclude that departure was justified, we also conclude that the extent of the departure should be limited to that justified by the reason for departure. We are unable at this time to establish or articulate a standard by which to measure the sanction that should be imposed in those situations in which a departure from the guidelines' presumptive sentence is proper. We must leave the problem to the trial court and modify any

> sanction imposed only when we, after consideration of the total record, have a strong feeling that the sanction imposed exceeds or is less than that "proportional to the severity of the offense of conviction and the extent of the offender's criminal history" as aggravated or mitigated by the circumstances of the offense and that the trial judge exceeded his discretion in assessing the sanction.

*Id.* at 487 (quoting Statement of Purposes and Principles, Minnesota Sentencing Guidelines and Commentary (1980)).

■ We now have some experience in reviewing sentences imposed by judges in departing from the presumptive guidelines' sentence. After careful consideration of the problem in light of that experience, we conclude that *generally* in a case in which an upward departure in sentence length is justified, the upper limit will be double the presumptive sentence length. This is only an upper limit and we do not intend to suggest that trial courts should automatically double the presumptive length in all cases in which upward departure is justified nor do we suggest that we will automatically approve all departures of this magnitude. On the other hand, we cannot state that this is an absolute upper limit on the scope of departure because there may well be rare cases in which the facts are so unusually compelling that an even greater degree of departure will be justified.

In reducing defendant's sentence to 96 months, we imply no criticism of the trial court. The general standard which we apply today is a standard which we adopt today.

Affirmed as modified.