**STATE of Minnesota, Respondent,**

v.

**Mitchell STUMM, Appellant.**

No. 81–840.

Supreme Court of Minnesota.

Nov. 20, 1981.

C. Paul Jones, Public Defender, Margaret LaMarche, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Anne Peek, Staff Atty., Minneapolis, for respondent.

AMDAHL, Justice.

This is an appeal from judgment of conviction that raises only a sentencing issue. Defendant was originally charged by complaint with second-degree murder in the death of the 2-year-old son of his girl friend but that charge was dismissed and defendant was charged by indictment with third-degree felony murder. Defendant waived a jury trial and was found guilty by the trial court of the lesser offense of second-degree manslaughter, Minn.Stat. § 609.205(1) (1980) (causing death of another by culpable negligence, whereby one creates an unreasonable risk and consciously takes chances of causing death or great bodily harm). Defendant's criminal history score was zero; the offense is a severity level VII offense. The trial court, agreeing with the prosecutor, departed from the presumptive sentence of 24 months in prison and sentenced defendant to 84 months (7 years) in prison, the maximum permitted by law for the offense in question. The trial court justified the departure on three grounds: (1) the victim was "particularly vulnerable," (2) defendant acted with "particular cruelty," and (3) defendant displayed indifference to the child's medical needs after he inflicted the injurious blows that led to the child's death. This appeal followed, with defendant claiming that no departure was justified or, alternatively, that the departure was excessive. We affirm.

The state's evidence established that defendant, who was 22, while babysitting with his girl friend's 2-year-old son on the morning of November 11, 1980, struck the child in the chest a number of times when the child failed to stop whining after being told to stop. One of these blows resulted in the complete laceration of a part of the child's small intestine, and that led to the infection that caused the death.

After this incident in which he struck the child, defendant bathed the child and put

him to bed. Defendant looked in on the child shortly after noon and found that the child had vomited. Defendant cleaned this up, gave the child some water, then put him back to bed.

During the afternoon two friends of defendant came to visit and they drank beer and smoked marijuana. At 4 p. m. defendant checked the child and found that he had vomited again. Defendant cleaned up the mess but still left the child in bed.

The mother returned at 4:30 and, after glancing at the child, smoked marijuana with defendant. At 7 p. m. they checked the child and found that he had vomited again. Defendant told her about the earlier episodes of vomiting but did not tell her he had struck the child.

The mother left for work the next morning without checking on the child's condition. Defendant checked on the child at 9 a. m. and found that he was purple and not breathing. He called the mother and then a doctor but the child was dead when the police and the ambulance arrived.

In explaining its departure, the trial court stated in part as follows:

This constitutes a departure from the Sentencing Guidelines, and I believe it is justified first of all on the basis the victim in this matter was particularly vulnerable due to the age of that child which, of course, was known to you. Also, there was particular cruelty and violence administered against this child in the form of the striking, the numerous strikings of that child, although it was only with a fist, but the fist, as we know, can be a dangerous weapon, and certainly when it's used against a child of that age it does become a dangerous weapon. Also, I think because of your apparent indifference towards caring for that child after initiating that beating compels the Court to aggravate.

Defendant's basic argument on appeal is that the reasons relied upon by the trial court were already taken into account in determining defendant's guilt and could not be relied upon again as reasons for escalating defendant's sentence. The state simply argues that the reasons were valid ones individually and that when viewed together they show that defendant's conduct in committing the offense was more serious than the conduct involved in the usual case of second-degree manslaughter.

Our examination of the record satisfies us that the reasons articulated by the court as grounds for departure from the presumptive sentence of 24 months are valid and meet the "substantial and compelling circumstances" standard established by the Guidelines. Minnesota Sentencing Guidelines and Commentary, I.4., II.D (1980).

We also agree with the court that the circumstances of the offense and the absolute vulnerability of the helpless victim are a sufficient basis for the imposition of the 7-year sentence permitted by statute. In *State v. Evans*, 311 N.W.2d 481 (Minn., 1981), where the acts of the defendant, although far more reprehensible than those usually found in the offense of robbery, did not result in any permanent physical injury to the victim, we adopted a general upper departure limit of double the presumptive sentence and stated that "there may well be rare cases in which the facts are so unusually compelling that an even greater degree of departure will be justified." Id. at 483. This is just such a case.

Affirmed.