STATE of Minnesota, Respondent,

v.

Richard D. PARTLOW, Appellant.

No. 81–1282.

Supreme Court of Minnesota.

July 7, 1982.

Rehearing Denied Sept. 2, 1982.

Douglas W. Thomson Law Firm and Paul C. Engh, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(a) (1980) (sexual penetration of person under 13 years of age by person more than 36 months older). The Sentencing Guidelines recommend a sentence of 41–45 months in prison for an offense of this level of severity (VIII) by one with defendant's criminal history score (zero). A presentence investigation report recommended a sentence of 120 months in prison. The trial court sentenced defendant to 240 months, which is the statutory maximum for this offense. On appeal from judgment of conviction, defendant contends (1) that the judgment of conviction should be reversed outright on the ground of insufficiency of evidence or (2) that his sentence should be reduced.

1. There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. Defendant was 24 years old at the time of the offense and was a friend of the victim's family. The victim was a 2-year, 10-month-old girl temporarily

left in defendant's care while the regular sitter ran an errand for defendant at his request. The evidence established that while the sitter was gone, defendant penetrated the vagina of the girl, apparently with a finger. He then left the residence. When the sitter returned a short time later, she found the victim unattended and with blood coming from her vagina.

2. We agree with the trial court that aggravating factors exist that are valid reasons for departure from the presumptive Sentencing Guidelines sentence of 41 months to 45 months. Two of the factors specifically applicable are that the victim was particularly vulnerable due to age [1] and that she was treated with particular cruelty.

■ The cruelty practiced upon the child is demonstrated by the nature and extent of the physical damage and the treatment necessary to repair the injury. The report submitted by the two doctors who initially treated the child stated, in pertinent part, that—

> An obvious perineal tear and a periurethral tear were present. * * * In addition to the external tear, the vagina exhibited a tear which extended through the hymeneal ring and beyond it for a distance of about 1 cm. The tear was a second degree depth. The external tear, through the posterior fourchette, extended about half way to the anus, for a distance of about 1 cm. The cervix and vaginal fornix appeared normal. The torn tissues were repaired in layers with chromic catgut.

However, the prosecutor did not assert, nor did the medical reports or testimony state, that there was any permanent injury

and we therefore conclude that the aggravation of the presumptive sentence should fall within the doubling limitation expressed in *State v. Evans,* 311 N.W.2d 481 (Minn.1981), rather than the expanded limitations propounded in *State v. Stumm,* 312 N.W.2d 248 (Minn.1981). We affirm the departure but modify the sentence imposed by the trial court to 90 months.

We note that the psychiatrist, psychologist, and other professionals working with and evaluating the appellant are unanimously of the opinion that he is, and will continue to be, a danger to children because of his sexual proclivities. Our system of criminal law permits the confinement of persons for acts they have committed, but does not permit present confinement for acts which may be committed in the future. If appellant remains a danger, consideration could be given to his commitment as a psychopathic personality under Minn.Stat. § 526.09 (1980).[2]

Affirmed as modified.

KELLEY, Justice (dissenting).

I respectfully dissent. I am in agreement with the majority that substantial and compelling circumstances exist for departure from the presumptive sentence for this crime. Minnesota Sentencing Guidelines, I.4 and IID (1981). I likewise concur in the court's conclusion that the statutory maximum sentence imposed by the trial court was excessive in this case. In my view, the expanded limitations propounded in *State v. Stumm,* 312 N.W.2d 248 (Minn.1981), should apply rather than the doubling limitation pronounced in *State v. Evans,* 311 N.W.2d 481 (Minn.1981). The only significant dif-

---

1. While the offense charged contains a victim age element, *i.e.,* under 13 years, and thus under ordinary circumstances the victim's age could not be again relied upon for a departure factor because the same factor would then be twice considered in sentencing, the absolute vulnerability of the 2-year, 10-month-old victim here justifies an aggravation of sentence.

2. Minn.Stat. § 526.09 (1980) defines psychopathic personality as follows:

> The term "psychopathic personality," as used in sections 526.09 to 526.11, means the existence in any person of such conditions of emotional instability, or impulsiveness of behavior, or lack of customary standards of good judgment, or failure to appreciate the consequences of his acts, or a combination of any such conditions, as to render such person irresponsible for his conduct with respect to sexual matters and thereby dangerous to other persons.
>
> *Id.*

ference between this case and *Stumm* that I can see is that the assaulted child in *Stumm* died—admittedly a much more tragic consequence than exists in this case. In both cases, however, adult custodians assaulted very small, vulnerable children; in both cases, there was unusual cruelty inflicted on the victims; and in both cases, the assaulter exhibited indifference toward caring for the child after the assault. In *Stumm*, we approved a durational departure approximately 3½ times the length of the presumptive sentence called for by the Guidelines.[1] In my opinion, the departure in this case should be at least 2½ times the presumptive sentence, which is less than one-half of the statutory maximum.

YETKA, Justice (dissenting).

I join in the dissent of Mr. Justice Kelley.

---

1. The trial court sentenced the defendant to 84 months (7 years), the maximum permitted by statute.