**Michael John JOHNSON, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. CX–86–827.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Review Denied Nov. 17, 1986.

C. Paul Jones, Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin Co. Atty., Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

This appeal is from an order denying post-conviction relief. Appellant Michael Johnson was sentenced to 49 months for burglary and a consecutive sentence of 72 months for robbery.

## FACTS

In March 1985 Johnson and his accomplice, Donovan Horsman, broke into the home of Gerald Davis. At the time, Mr. Davis was in the house with four of his five children, ranging in age from four to ten years. Mrs. Davis had taken their fifth child to the hospital. Johnson and Horsman entered the house through an unlocked door, armed with a handgun and a knife (Johnson had the gun). They tied up each of the children and the father and placed them in different rooms. They ransacked the house and demanded money. The family was told that, if they did any-

thing wrong, their heads would be blown off.

Mr. Davis remembered that he had 60 silver dollars in a container in the basement. When the intruders went to get the coins, they smashed a glass picture and took a bicentennial two-dollar bill. The men also took the children's allowance money from their rooms. They were in the house for approximately one and a half hours.

Johnson was verbally abusive to Mr. Davis. Both intruders brandished their weapons throughout the course of their occupancy. No one in the Davis family was physically injured by the men. Immediately prior to leaving the Davis home, they untied Mr. Davis and his children.

When they left, they took Mr. Davis' automobile. The automobile was later found abandoned in a field. A hunting knife was found on the roof and two guns were left in the back seat. Johnson and Horsman were arrested on the day after the break-in. Johnson was found to have a gun on his person, together with the plastic container holding the silver dollars.

The complaint charged Johnson and Horsman with:

(1) one count of first-degree burglary (dwelling burglary with person present), Minn.Stat. §§ 609.582, subd. 1(a), 609.05 (1983);

(2) one count of first-degree burglary (burglary with assault), Minn.Stat. §§ 609.-582, subd. 1(c), 609.11, 609.05 (1983);

(3) one count of first-degree burglary (burglary with a dangerous weapon), Minn. Stat. §§ 609.582, subd. 1(b), 609.11, 609.05 (1983);

(4) one count of aggravated robbery, Minn.Stat. §§ 609.245, 609.11, 609.05 (1983);

(5) five counts of kidnapping, Minn.Stat. §§ 609.25, subds. 1(2) and 2(1), 609.11, 609.-05 (1983);

(6) five counts of second-degree assault, Minn.Stat. §§ 609.222, 609.11, 609.05 (1983); and

(7) one count of unauthorized use of a motor vehicle, Minn.Stat. §§ 609.55, subds. 1 and 2, 609.05 (1983).

A guilty plea hearing was held in May 1985. Pursuant to a plea negotiation, Johnson entered a guilty plea to one count of first-degree burglary (burglary with a dangerous weapon) and one count of aggravated robbery. The trial court sentenced Johnson to 49 months in prison for his conviction of first-degree burglary and to a consecutive sentence of 72 months (double the presumptive sentence) for his conviction of aggravated robbery.

Johnson filed a petition for post-conviction relief in January 1986, alleging the trial court improperly imposed a consecutive sentence for his aggravated robbery conviction and requesting that his consecutive sentences of 121 months be reduced to concurrent sentences of 98 months. The petition was denied.

## ISSUE

Did the sentencing guidelines permit the trial court to run appellant's sentence for aggravated robbery consecutive to his sentence for burglary?

## DISCUSSION

The sole question presented on appeal is whether the imposition of a consecutive sentence for Johnson's aggravated robbery conviction is allowed under the Minnesota Sentencing Guidelines. Normally, for convictions of multiple current offenses, concurrent sentences are given. Consecutive sentences constitute a departure, and the court is required to submit written reasons unless within the following rule:

> Consecutive sentences may be given only in the following cases:
> 2. When the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines.

Minnesota Sentencing Guidelines, Section II.F.

While Johnson was charged with crimes against Mr. Davis and his children individually, most of the charges were dismissed. Johnson pled guilty only to counts 3 and 4 of the complaint, which alleged:

Count III: That on or about the 24th day of March 1985 in Hennepin County, Minnesota, DONOVAN WALTER HORSMAN and MICHAEL JOHN JOHNSON, intentionally aiding, advising, hiring, counseling or conspiring with each other, entered a dwelling, 5300 Larch Lane, Plymouth, without consent as defined in § 609.581, subd. 4, with intent to commit a crime, theft, and possessed of a firearm while in the dwelling.

Count IV: That on or about the 24th day of March 1985 in Hennepin County, Minnesota, DONOVAN WALTER HORSMAN and MICHAEL JOHN JOHNSON, intentionally aiding, advising, hiring, counseling or conspiring with each other, while armed with a firearm, took personal property, money, including 60 silver dollars in white plastic containers and a $2 bicentennial bill belonging to Gerald Davis, from the person or in the presence of Gerald Davis, knowing that they were not entitled to the property, and used and threatened the imminent use of force against Gerald Davis to overcome his resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property.

Consequently, the only crimes for which Johnson was being sentenced were against Gerald Davis and not his children. The two actual convictions will not support a consecutive sentence based upon "crimes against different persons." The fact that there were other individuals present during the burglary of the home and the robbery of Mr. Davis provides a basis for a departure from a presumptive sentence, *State v. Profit*, 323 N.W.2d 34 (Minn.1982), but not for consecutive sentencing.[1]

This case does not involve a state of facts such that we may term it "unusually compelling." In *State v. Evans*, 311 N.W.2d 481 (Minn.1981), the supreme court said:

There may well be rare cases in which the facts are so unusually compelling that an even greater degree of departure will be justified.

*Id.* at 483. The *Evans* court also said that, generally, when an upward departure is appropriate, "the upper limit will be double the presumptive sentence length." *Id.* at 483.

The facts in *Evans* are similar in severity of the crime to the instant case. *Evans* involved two charges of aggravated robbery with different victims and incidents. The defendants were an elderly couple who were physically beaten by the respondent. The court held that the facts did not justify a more severe departure than double the presumptive sentence in *Evans*.

Johnson, in his brief, concedes that aggravating factors existed to justify a departure from the sentencing guidelines. The crimes were within the zone of privacy of the Davis household, *State v. Morales*, 324 N.W.2d 374, 377 (Minn.1982), and the children were victimized by the crime, *State v. Profit*, 323 N.W.2d 34, 35–36 (Minn.1982).

The trial court found these factors to justify the highest possible sentence. We agree with the trial court on this point, but do not agree that a consecutive sentence of 121 months is allowed under the guidelines. Johnson may be sentenced to double the presumptive period, e.g., 106 months for his aggravated robbery offense (a severity level VII offense with a criminal history score of 3), to run concurrent with his sentence for burglary.

**DECISION**

Sentence vacated and case remanded for resentencing in accordance with this opinion.

---

1. In *State v. Profit* consecutive sentencing was upheld. The sentences were, however, for total-ly separate incidents over a week apart involving completely different victims.