STATE of Minnesota,
Petitioner, Appellant,

v.

Craig Scott MORTLAND, Respondent.

No. C7–86–543.

Supreme Court of Minnesota.

Jan. 16, 1987.

Rehearing Denied Feb. 11, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon F. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. Co. Atty., Minneapolis, for appellant.

C. Paul Jones, State Public Defender, Michael F. Cromett, Asst. State Public Defender, Minneapolis, for respondent.

## OPINION

AMDAHL, Chief Justice.

We granted the state's petition for review of the Court of Appeals' decision in *State v. Mortland,* 395 N.W.2d 469 (Minn. Ct.App.1986), which reduced defendant Mortland's sentence from 300 months to 237 months. Concluding that the trial court was justified in imposing a 300–month sentence and that the Court of Appeals erred in reducing it, we reinstate the 300–month sentence.

Defendant is a compulsive sex offender who was convicted of criminal sexual conduct in the fourth degree in 1979 and in 1980 and of criminal sexual conduct in the second degree in 1981. His current convictions are based on acts committed on July 2, 1985, in a park near his parents' house. A 6–year-old girl and a 7–year-old boy, who live in separate houses within a block or so of the park, were eating their lunches to-

gether. Both children had seen defendant the previous day and had not gone with him when he invited them to go to his "tree house." This time defendant persuaded them to help him investigate a cloud of black smoke elsewhere in the park. As they approached the smoke, defendant forced the girl into a secluded area by some evergreen trees. The boy lost sight of them but defendant saw the boy and called him over. Defendant then pulled out a knife, held it to the boy's throat, and threatened to kill both of the children if either made noise or disobeyed him. After making the boy sit down, defendant ordered the girl to remove her shorts and underpants. He violently forced his penis into her mouth, breaking one of her front teeth in the process, causing her mouth to bleed, and making her gag. After he ejaculated, he made her swallow the semen. Defendant forced the girl to lie down and he penetrated her vagina with his penis, then made her roll over and either attempted or accomplished penetration of her anus with his penis. After releasing the girl, defendant told the children to stay where they were for 5 minutes and warned them that if they told anyone what he had done he would find out where they lived and kill them. The children reported the matter to the boy's mother immediately. Defendant was arrested a short time later.

Defendant was convicted of four counts of criminal sexual conduct in the first degree (oral and vaginal penetration), two counts of criminal sexual conduct in the second degree (anal contact), assault with a dangerous weapon (for threatening the boy), and two counts of kidnapping (one per victim). The trial court could sentence defendant for one of the sex counts, the assault count, and the two kidnapping accounts. Minn.Stat. §§ 609.035 and 609.251 (1986). The trial court knew that it was free under Section II.F.2. of the Sentencing Guidelines to make the sentence for the assault run consecutively to the sentence for the sex offense and knew that any additional sentences for the kidnapping convictions were presumptively concurrent.

Since defendant's criminal history score was two at the time of sentencing, the presumptive sentence for the sex offense (VIII) was 65 (60–70) months in prison and the presumptive sentence for the assault, assuming consecutive sentencing was used, was 21 months (VI–0). In other words, the total presumptive sentence was 86 months (65 plus 21), whereas the maximum total presumptive sentence was 91 months (70 plus 21). The trial court tripled the total presumptive sentence of 86 months, obtaining a figure of 258 months and also imposed consecutive sentences of 21 months for each of the two kidnapping convictions. This meant adding 42 months (21 plus 21) to the 258 months, making a total of 300 months.

The Court of Appeals ruled that it was proper to triple the 65–month presumptive sentence for the sex offense but that the 21–month presumptive consecutive sentence for the assault could only be doubled. It also ruled that it was improper to use consecutive sentencing for the kidnapping convictions. It reduced defendant's total sentence from 300 months to 237 [195 months (65 months x 3) plus 42 (21 months x 2) equals 237].

■ We believe that the trial court was justified in imposing a 300–month sentence. The Court of Appeals held that severe aggravating circumstances were present with respect to the sex offense but only aggravating circumstances present with respect to the assault. *See State v. Evans,* 311 N.W.2d 481 (Minn.1981) (holding that generally when aggravating circumstances are present, the upward limit on a durational departure is double the maximum presumptive sentence duration), and *State v. Stumm,* 312 N.W.2d 248 (Minn.1981) (holding that when aggravating circumstances are severe, the general limit adopted in the *Evans* case does not apply). The state argues that basically the same aggravating

circumstances were present with respect to both offenses and that a greater than double durational departure was justified with respect to both of them. If this is so, then there is no need for us to address the issue of whether the trial court was free to depart from the presumption of concurrency with respect to the kidnapping convictions. This is because our cases do not set a tripling limit when there are severe aggravating circumstances present.[1] Cases of this court upholding departures greater than 3 times the presumptive sentence duration when severe aggravating circumstances are present include: *State v. Ming Sen Shiue,* 326 N.W.2d 648 (Minn.1982) (upholding sentence of 480 months when presumptive sentence duration was 140 months, a sentence approximately 3.4 times greater than the presumptive sentence); *State v. Van Gorden,* 326 N.W.2d 633 (Minn.1982) (upholding sentence of 180 months when maximum presumptive sentence duration was 54 months); *State v. Herberg,* 324 N.W.2d 346 (Minn.1982) (upholding 240–month sentence when maximum presumptive sentence duration was 70 months, a sentence approximately 3.4 times greater than the maximum presumptive sentence); *State v. Stumm,* 312 N.W.2d 248 (Minn.1981) (upholding sentence of 84 months when maximum presumptive sentence was 25 months, a sentence nearly 3.4 times greater than the maximum presumptive sentence). If severe aggravating circumstances were present with respect to both the sex offense against the girl and the assault of the boy, then the trial court could have reached the 300–month figure by imposing the statutory maximum 240–month sentence for the sex offense (which is precisely what was allowed in *Herberg* ) and then tripling the 21–month presumptive sentence for the assault (21 months x 3 equals 63 months) to get more than the 60 months

---

1. When severe aggravating circumstances are present the only absolute limit on sentence duration for the offense is that provided by the legislature in the statute defining the offense. *See, e.g., State v. Mesich,* 396 N.W.2d 46 (Minn. Ct.App.1986) (upholding imposition of maxi-

mum sentence of 240 months for criminal sexual conduct in the first degree, a sentence nearly 5.5 times the maximum presumptive sentence duration in that case) *petition for review denied* (Minn.1986).

needed to reach the total figure of 300 months.

▮ The key question then is whether the aggravating circumstances were *severe* with respect to both the sex offense and the assault. We conclude that they were:

The trial court, in concluding that severe aggravating circumstances were present with respect to the sex offense, pointed to (a) the victim's age (only 6), (b) the fact that defendant penetrated her in two different ways and tried a third, (c) the fact that the victim sustained personal injury in the form of a broken tooth, (d) the fact that defendant threatened to kill the victim and otherwise terrified her, (e) the fact that the snatching took place in a seemingly safe neighborhood park close to the victim's home (which the trial court referred to as within the victim's zone of privacy),[2] and (f) the fact that there was evidence that the victim suffered serious psychological damage that could take months and possibly years to treat.

The same basic factors were present with respect to the assault on the boy except that the boy was not sexually penetrated and did not sustain any physical injury. However, the boy witnessed these things and had reason to fear that defendant might do the same to him after he finished with the girl. Further, in every other way he was victimized as much as the girl. Most importantly, like the girl, he suffered severe psychological damage, so much so that he relapsed into wetting his pants during the day, is now extremely afraid of strangers, has recurring nightmares, and refuses to play outside even in his own fenced-in back yard. In summary, we are not persuaded by the Court of Appeals' attempt to distinguish the seriousness of the crime against the boy from the seriousness of the crime against the girl.

Concluding that the Court of Appeals erred in reducing the sentence, we reinstate the 300–month sentence.

Affirmed as modified.

WAHL, J., took no part in the consideration or decision of this case.

---

**2.** The Court of Appeals agreed with the trial court that the park was within the victim's zone of privacy. There may be something about sexually assaulting a child in a neighborhood park that makes the assault more serious, but referring to a public park as within a victim's zone of privacy is to extend the concept of zone of privacy too far. Relevant zone-of-privacy cases include: *State v. Winchell,* 363 N.W.2d 747 (Minn.1985); *State v. Gist,* 358 N.W.2d 664 (Minn.1984); *State v. Back,* 341 N.W.2d 273 (Minn.1983); *State v. Norton,* 328 N.W.2d 142 (Minn.1982).