STATE of Minnesota, Respondent,

v.

Timothy STEINHAUS, Appellant.

No. C1–86–2062.

Court of Appeals of Minnesota.

May 12, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Bob B. Ebbeson, Redwood Co. Atty., Redwood Falls, for respondent.

C. Paul Jones, Minnesota Public Defender, Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## MEMORANDUM OPINION

CRIPPEN, Judge.

Appellant disputes whether his offense involved sufficiently aggravating circumstances to justify a greater than double departure from the presumptive sentence.

### FACTS

On April 23, 1986, appellant Timothy Steinhaus was home with his five week old son. In an attempt to stop the baby's crying, Steinhaus struck the infant approximately five times with his open hand. The blows were severe enough to cause the infant's eyes to turn black and blue almost immediately. Steinhaus made no attempt to explain the true cause of the bruises to

his wife or seek medical attention for the child.

Again, the next day, Steinhaus baby-sat his children. During the infant's 10:00 p.m. feeding, the baby started falling asleep. To hasten the feeding and keep the baby awake, Steinhaus repeatedly struck the baby on the cheeks. When the child started to cry, Steinhaus repeated the blows with increasing force. Steinhaus then "lost control" and began punching the baby in the stomach. Only when the child suddenly became limp did Steinhaus stop the attack. The sentencing court noted that medical reports showed the infant was severely and thoroughly beaten over most of his body.

When the infant became limp, Steinhaus called his wife, who then came home and took the baby to the hospital. The child was found to have multiple bruises on his body, posterior rib fractures to three ribs, and bleeding around the eyes. Further testing revealed that a brain hemorrhage resulted from the trauma, and that the infant sustained multiple head and neurological injuries of a permanent nature. Medical reports showed the baby was healthy prior to the incidents, but the child's condition following the attack was described as "base line function being vegetative."

On September 8, 1986, the trial court accepted the guilty plea of Steinhaus for two counts stating crimes on separate dates, each on assault in the first degree in violation of Minn.Stat. § 609.221. At the same proceeding, the trial court sentenced Steinhaus to the maximum term of 120 months on each count, with sentences to run concurrently. The 120 month sentences were over double the presumptive sentence of 43 months for Count I and 54 months for Count II.[1] Steinhaus appeals this departure from the recommended presumptive sentence.

## DECISION

In the event of "substantial and compelling circumstances" a departure from the presumptive sentence is justified. Minnesota Sentencing Guidelines II.D. The Minnesota Sentencing Guidelines and Commentary II.D.2.b.(1) and (2) cite the particular vulnerability of the victim and the cruelty of the defendant's acts as aggravating circumstances justifying a guidelines departure. Moreover, "[t]he cruelty practiced upon the child [may be] demonstrated by the nature and extent of physical damage." *State v. Partlow*, 321 N.W.2d 886, 887 (Minn.1982). The victim in this case not only was especially vulnerable, but the particularly cruel assaults resulted in permanent neurological injuries that leave the infant in a vegetative state.

Generally, when an upward durational departure is justified, the upper limit is double the presumptive sentence. *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981). A greater than double departure will be upheld in rare cases with unusually compelling and severe circumstances. *Id.* at 483. Following a review of prior decisions, we are satisfied the circumstances here are correctly identified as unusually severe. *See, e.g., State v. Leonard*, 400 N.W.2d 206 (Minn.Ct.App.1987) (imposition of nearly triple the presumptive sentence for numerous assaults on an infant causing severe neurological damage); *State v. Mortland*, 399 N.W.2d 92 (Minn.1987), *pet. for rehearing denied*, (Minn. Feb. 11, 1987) (imposition of three times the presumptive sentence for sexually assaulting two children);

---

1. The 120 month sentence was approximately 2.3 times the 54 month presumptive guidelines term. The 54 month calculation depends on assigning a criminal history point for the Count I first degree assault conviction. *See State v. Irwin*, 379 N.W.2d 110 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Jan. 23, 1986). In *Irwin*, this court upheld the assignment of a criminal history point for multiple and separate offenses even where sentencing for the offenses took place at the same proceeding and the offenses were committed upon the same victim. *Id.* at 115. Because of our finding of unusually compelling circumstances justifying over a double sentencing departure, and because the 120 month sentences were only 2.8 times the 43 month guidelines term calculated without criminal history points, we need not determine the propriety of the trial court's application of one criminal history point for appellant's Count I first degree assault conviction.

*State v. Mesich,* 396 N.W.2d 46 (Minn.Ct. App.1986), *pet. for rev. denied,* (Minn. Jan. 2, 1987), *pet. for rehearing denied,* (Minn. Jan. 21, 1987) (imposition of 5.5 times the presumptive sentence for first degree criminal sexual conduct).

Appellant attempts to minimize the severe circumstances through a comparison with *State v. Stumm,* 312 N.W.2d 248 (Minn.1981). In *Stumm,* the defendant was sentenced to 3.5 times the presumptive sentence for second degree manslaughter after blows to a two year old child lacerated the child's small intestine. The aggravated sentence was based upon the victim's vulnerability, the cruelty of the assault, and the defendant's failure to tend to the child's medical needs after the child appeared ill. *Id.* at 248. Appellant notes, in contrast, that he immediately acted on the child's medical needs after the child went limp. However, appellant apparently acted indifferently to his child's medical needs following the first assault, even after noticing the child's eyes immediately turn black and blue. Further, the enhanced sentence in *Stumm* was based upon the child's vulnerability and cruelty of the assault as well as the defendant's indifference toward the infant's medical needs.

Affirmed.