STATE of Minnesota, Respondent,

v.

Jocephus LOMAX, Appellant.

No. C8–88–636.

Supreme Court of Minnesota.

March 17, 1989.

Cathryn Young Middlebrook, Asst. State Public Defender, Minneapolis, for appellant.

James B. Early, Sp. Asst. Atty. Gen., St. Paul, for respondent.

POPOVICH, Chief Justice.

We granted the defendant's petition for review in this case for the limited purpose of considering the propriety of a sentencing departure of greater than two times the presumptive sentence duration.[1] Defendant stands convicted of burglary in the first degree, Minn.Stat. § 609.582, subd. 1(b) (1986) (burglary while possessing dangerous weapon), and assault in the second degree, section 609.222 (assault with a dangerous weapon). The convictions are based on evidence that petitioner broke into the apartment of his girl friend and assaulted her with a knife. The trial court departed both durationally (by doubling the presumptive sentence for the burglary) and with respect to consecutive service (by making the sentence for the assault run consecutively to the sentence for the burglary). We hold the departure with respect to consecutive service was unjustified and remand for resentencing.

The presumptive sentence for burglary while possessing a dangerous weap-

---

1. The court of appeals also decided issues relating to the sufficiency of the evidence, the fairness of certain evidentiary rulings, and the propriety of certain conduct by the prosecutor. *State v. Lomax,* Case No. C8–88–636 (Minn.App., filed December 20, 1988) [1988 WL 134797] (unpublished opinion). We do not address those issues.

on, a severity level VII offense, when committed by one with defendant's criminal history score of four is 65 (60–70) months in prison. Defendant not only injured the victim in this case but was convicted in 1978 of a sexual assault involving use of a knife, a crime in which the victim was also injured. Under Minnesota Sentencing Guidelines II.D.2.b(3) it is an aggravating factor justifying a departure that "the current conviction is for an offense in which the victim was injured and there is a prior felony conviction for an offense in which the victim was injured." Accordingly, the court of appeals correctly held that the trial court was justified in imposing a sentence of 140, two times the maximum presumptive sentence. *State v. Evans*, 311 N.W.2d 481 (Minn.1981) (generally limiting durational departure to double the presumptive sentence duration).

 However, the trial court also imposed a consecutive sentence of 21 months for the assault, a severity level VI offense. The presumptive sentence for the offense when sentencing consecutively is that which is found under the zero criminal history score column, 21 months. Minnesota Sentencing Guidelines II.F. The problem is that the use of consecutive sentencing in this case constitutes a departure. Minnesota Sentencing Guidelines II.F. and II.F.06. When that departure is considered along with the double durational departure for the burglary, petitioner's total sentence is more than two times the maximum presumptive sentence duration. In *State v. Wellman*, 341 N.W.2d 561, 565–66 (Minn. 1983), we held that the *Evans* doubling rule prevents the trial court from doing what the trial court did in this case unless it can be said that this is one of those rare cases —*see, e.g., State v. Mortland*, 399 N.W.2d 92 (Minn.1987)—where severe aggravating circumstances are present justifying a departure of greater than two times the presumptive sentence duration. We believe that this is not such an extraordinary case and that it was improper for the trial court to make the sentence for the assault run consecutively. Accordingly, we vacate the 21–month consecutive sentence and remand to the trial court for resentencing on that

count. The trial court on remand may impose a concurrent sentence of up to 46 months.

Remanded for resentencing.