**STATE of Minnesota, Respondent,**

v.

**Donald Warren HAYES, Appellant.**

**No. C2-89-2246.**

Court of Appeals of Minnesota.

May 22, 1990.

Review Denied July 13, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Melissa Sheridan, Asst. Public Defender, St. Paul, for appellant.

Considered and decided by LANSING, P.J., and FORSBERG and SCHULTZ, JJ.*

## OPINION

FORSBERG, Judge.

Donald Hayes appeals from his sentence for first degree criminal sexual conduct, challenging a departure slightly more than triple the Minnesota Sentencing Guidelines' presumptive sentence. We affirm.

## FACTS

During the evening of April 7, 1989, appellant Donald Hayes and two other men cut the phone lines and broke into K.L.'s house. K.L., age 25, awoke to a noise she thought was caused by one of her two young children. When she left her bedroom to investigate, she was hit over the head and became unconscious. She regained consciousness as she was being dragged to her bedroom.

K.L. was then assaulted by the three men, one of whom she recognized as Hayes. K.L.'s head was covered with a sheet for much of the attack. Each of the men sexually assaulted K.L. while the other two restrained her. For his part, Hayes penetrated K.L. vaginally, orally, and anally. He also beat her and held a gun to her head. At one point Hayes put the gun inside her vagina and said he was going to "blow her ass off." K.L. stated she be-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

lieved the other two men kept Hayes from killing her. Before the three departed, they tied her up with cords and put a mattress on top of her. They also stole many of her personal possessions.

As a result of the assault, K.L. sustained permanent physical scars on her body, including her head and face. She also suffered psychological damage.

Hayes pleaded guilty to first degree criminal sexual conduct, first degree burglary, and aggravated robbery. The trial court imposed a sentence not to exceed 180 months (15 years), which was the maximum sentence allowed under the plea agreement. The sentence was a durational departure of over two times the presumptive sentence but less than the statutory maximum sentence of 20 years. *See* Minn.Stat. § 609.342, subd. 2 (1988).[1]

## ISSUE

Did the trial court abuse its discretion by sentencing appellant to a prison term greater than two times the presumptive sentence?

## ANALYSIS

■ A trial court has broad discretion in imposing a sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981). Normally, a court that durationally departs should not impose a sentence of greater than double the presumptive sentence. *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981). However, when severe aggravating circumstances exist, this doubling limit does not apply. *State v. Stumm*, 312 N.W.2d 248, 249 (Minn.1981). When severe aggravating circumstances exist, the upper limit on sentence length is the maximum provided by the statute defining the offense. *State v. Glaraton*, 425 N.W.2d 831, 834 (Minn. 1988). In determining whether a case is one of the extremely rare cases warranting a greater than double departure, the court

must rely on its "collective, collegial experience in reviewing a large number of criminal appeals[.]" *State v. Norton*, 328 N.W.2d 142, 146 (Minn.1982).

■ The trial court gave the following reasons for its departure:

The current conviction is for an offense which the victim was injured and there's a prior conviction in Kentucky for felony assault in which a victim was injured. The victim was threatened with particular cruelty and subject to death threats, multiple acts of penetration, gratuitous physical injury including permanent scar.

In addition for the fear of her own safety as the victim was assaulted in her own house, and she was also in fear for the safety of her two small children as well who were in an adjoining bedroom.

\* \* \* \* \* \*

I might add, Mr. Hayes, all the years that I've been on this bench, that I have never seen a more serious aggravated crime than this that was committed with you and the other two codefendants.

The severe aggravating factors in this case support the trial court's departure from the presumptive sentence. K.L. was subjected to multiple penetrations by Hayes and the other defendants. She was threatened with death by having the gun placed in her vagina. She was subjected to gratuitous physical injury from the beatings she received, which left permanent scars. She was attacked in her own home. She also suffered psychological damage. All of these factors have been used to uphold durational departures of greater than two times the presumptive sentence in sexual assault cases. *See Glaraton*, 425 N.W.2d at 834 (gun stuck in victim's orifices, victim subjected to multiple penetrations, and victim permanently scarred); *State v. Mortland*, 399 N.W.2d 92, 95

1. The parties disputed whether Hayes' criminal history score should be one or two. The trial court did not decide whether Hayes should receive a criminal history point for a 1987 felony he committed in Kentucky while he was a minor. However, as the state failed to show that Hayes would have been prosecuted as an adult

in Minnesota under the same circumstances, he should not receive a criminal history point for that conviction. *See State v. Marquetti*, 322 N.W.2d 316, 319 (Minn.1982). The imposed sentence thus represented a departure of 3.1 times the maximum presumptive sentence. *See* Minnesota Sentencing Guidelines IV.

(Minn.1987) (victim subjected to multiple penetrations, permanently injured, threatened with death, and suffered psychological damage); *Norton*, 328 N.W.2d at 146 (victim threatened with death and psychologically damaged, victim's zone of privacy invaded); *State v. Van Gorden*, 326 N.W.2d 633, 634–35 (Minn.1982) (victim subjected to multiple penetrations, permanently injured, and victim's zone of privacy invaded); *State v. Herberg*, 324 N.W.2d 346, 350 (Minn.1982) (victim subjected to various types of penetration, threatened with death, and gratuitously and permanently injured). This is one of the extremely rare cases in which a greater than double durational departure is justified.

## DECISION

The trial court did not abuse its discretion in sentencing Hayes to a prison term of slightly over three times the presumptive sentence provided for in the Minnesota Sentencing Guidelines.

Affirmed.