**STATE of Minnesota, Respondent,**

v.

**Craig Alan HANSON, Appellant.**

**Nos. C7–96–1161, C2–96–1312.**

Supreme Court of Minnesota.

Dec. 31, 1997.

John M. Stuart, Minnesota State Public Defender, Susan K. Maki, Assistant State Public Defender, Minneapolis, for Appellant.

Hubert H. Humphrey, State Attorney General, St. Paul, Alan Mitchell, County Attorney, Duluth, for Respondent.

## OPINION

PAGE, Justice.

On February 12, 1996, Craig Alan Hanson ("Hanson") was convicted by a St. Louis County jury of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subds. 1(e)(i) and 1(e)(ii) (1996), for the November 1994 sexual assault of a mentally retarded woman, D.D., and first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subds. 1(e)(i) and 1(e)(ii), for the March 1995 sexual assault of D.D. (*"Hanson I"*). The trial court sentenced Hanson to a 30–year prison term for each conviction and ordered that the sentences be served consecutively. On April 3, 1996, Hanson was convicted by a different St. Louis County jury of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subds. 1(c) and 1(d) (1996) (*"Hanson II"*), for the April 1994 sexual assault of A.G. and was sentenced by the trial court to another 30–year prison term. The trial court ordered that the sentence be served consecutive to his sentences in *Hanson I*.[1] Hanson appealed each of the convictions on various grounds, and the court of appeals affirmed in all respects.

We granted Hanson's petitions for further review in both *Hanson I* and *Hanson II*, consolidated the cases, and limited our review to the sentencing issues raised in the petitions. In challenging the sentences imposed by the trial court in *Hanson I* and *Hanson II*, Hanson argues as follows: (1) the repeat sex offender sentencing statute is inapplicable in *Hanson I*; (2) the trial court abused its discretion in *Hanson I* by ordering the sentences to be served consecutively; and (3) this court should adopt a rule that places a limit on the aggregate number of years to which a criminal defendant may be sentenced. We affirm as modified.

The facts necessary to resolve this case are simple and straightforward. In *Hanson I*, Hanson was charged with sexually assaulting D.D. (a 35–year–old developmentally disabled woman who functions at the level of an eight-year-old, has an IQ of 56, and is considered in the bottom 1% of the population for intelligence) on two separate occasions, the first being on November 8, 1994, and the second being on March 13, 1995. He was tried, and a jury found him guilty of first-degree criminal sexual conduct for the November 8, 1994, sexual assault of D.D. and of first-degree criminal sexual conduct for the March 13, 1995, sexual assault of D.D. Because he was a repeat offender, having been convicted of first-degree criminal sexual conduct in 1985 for the sexual assault of a former girlfriend, and because the trial court found a number of aggravating factors present, including multiple penetration, multiple forms of penetration, gratuitous infliction of pain, as well as the impact the sexual assaults had on the victim, the trial court imposed the mandatory minimum sentence of 30 years in prison for each sexual assault, under Minn.Stat. § 609.346, subd. 2b (1996) ("repeat sex offender sentencing statute"), and ordered the sentences to be served consecutively, pursuant to Minnesota Sentencing Guidelines § II.F.2 (1994). Hanson appealed and, in an unpublished opinion, the court of appeals affirmed the sentence as imposed by the trial court. In doing so, the court of appeals

---

1. In both *Hanson I* and *Hanson II,* Hanson was also convicted of various other crimes which are not germane to this appeal.

concluded that although the trial court's imposition of consecutive 30–year sentences constituted a departure from the Sentencing Guidelines, the departure was not an abuse of discretion.

In *Hanson II,* Hanson was charged with sexually assaulting and robbing A.G., at knife-point, on April 19, 1994. He was tried, and a jury found him guilty of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subds. 1(c) and 1(d). As in *Hanson I,* the trial court sentenced him to the mandatory minimum sentence of 30 years under the repeat sex offender sentencing statute. In doing so, the trial court identified the following aggravating factors as present: invasion of the victim's zone of privacy, multiple acts or forms of penetration, multiple incidents of penetration, and the presence of the victim's 18–month–old daughter at the time of the sexual assault. Pursuant to Minnesota Sentencing Guidelines § II.F.2, the trial court ordered Hanson's sentence in *Hanson II* to run consecutive to the sentences imposed in *Hanson I.* Hanson appealed his conviction in *Hanson II,* and a different court of appeals panel affirmed. The court of appeals held that the imposition of the mandatory minimum sentence under the repeat sex offender sentencing statute was proper and that the trial court did not abuse its discretion by making the sentence consecutive to, rather than concurrent with, his sentences in *Hanson I.*

The repeat sex offender sentencing statute, in relevant part, provides:

Mandatory 30–year sentence. (a) The court shall commit a person to the commissioner of corrections for not less than 30 years, * * * if:

(1) *the person is convicted under section 609.342,* subdivision 1, clause (c), (d), (e), or

(f); or 609.343, subdivision 1, clause (c), (d), (e), or (f); and

(2) the court determines on the record at the time of sentencing that:

(i) *the crime involved an aggravating factor* that would provide grounds for an upward departure under the sentencing guidelines other than the aggravating factor applicable to repeat criminal sexual conduct convictions; and

(ii) *the person has a previous sex offense conviction* under section 609.342, 609.343, or 609.344.

Minn.Stat. § 609.346, subd. 2b (emphasis added).

█ Here, a careful review of the record demonstrates that the trial court's use of the repeat sex offender sentencing statute was proper. In *Hanson I,* both of Hanson's convictions were under section 609.342, subd. 1, clause e, and in *Hanson II,* he was convicted under section 609.342, subdivision 1, clause (c) and (d). Each of the crimes he was convicted of involved multiple aggravating factors that provide grounds for an upward departure under the Sentencing Guidelines other than the aggravating factor applicable to repeat criminal sexual conduct convictions and, at the time of each conviction, Hanson had at least one previous sex offense conviction under section 609.342.[2]

Hanson contends that the trial court's order in *Hanson I* requiring that the sentences imposed be served consecutively constitutes an unwarranted upward departure under the Sentencing Guidelines. Specifically, he claims that because he was convicted of sexually assaulting the same victim, D.D., twice, his convictions do not satisfy the requirement in section II.F.2[3] that in order to impose consecutive sentences, the offender's "multiple current felony convictions [be] for crimes

---

**2.** Prior to his convictions in *Hanson I,* Hanson had been convicted in 1985 for the sexual assault of a former girlfriend. Obviously, prior to *Hanson II,* Hanson had been convicted of the two separate sexual assaults of D.D.

**3.** Section II.F governs the imposition of consecutive sentences and provides, in part, as follows:
Consecutive sentences may be given only in the following cases:

* * * *

2. When the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines; * * *
Minnesota Sentencing Guidelines § II.F (1994).

against different persons."[4] In response, the state argues that to impose concurrent, as opposed to consecutive, sentences for Hanson's convictions for the separate and distinct criminal acts he perpetrated against D.D. in *Hanson I* would minimize the criminality of his conduct.

■ In *State v. Notch,* we held that section II.F.2 "is clear and unambiguous and makes no exceptions to the 'different persons' requirement." 446 N.W.2d 383, 386 (1989). While it is true that section II.F.2 "is clear and unambiguous and makes no exception to the 'different persons' requirement," on the facts presented in this case, to blindly follow section II.F.2 and strictly adhere to its language would produce an "absurd" result. Applying the terms of section II.F.2 literally would result in the situation where a defendant, who randomly sexually assaults two different victims four months apart, would be subject to consecutive sentences if convicted of both sexual assaults, while a defendant who was convicted of the exact same acts, with the exception that he or she consciously chose the same victim for each sexual assault, would not be subject to consecutive sentencing. All other things being equal, treating the defendants in these two situations different makes no sense. We do not believe that either the legislature or the Sentencing Guidelines Commission intended to insulate an offender from being held accountable for separate crimes, committed four months apart, simply because the victim of both crimes was the same person. Thus, we conclude that the consecutive sentences, as imposed by the trial court in *Hanson I,* were permissive under the Sentencing Guidelines and did not constitute a departure.

This conclusion is supported by comment II.F.06 of the Sentencing Guidelines which explains that the requirement in section II.F.2, that there be "different" victims, was designed to preclude the imposition of consecutive sentences in cases involving multiple offenses committed against one victim in a single behavioral incident, and in cases involving domestic abuse and/or child abuse. Minnesota Sentencing Guidelines, comment II.F.06. *See generally State v. Wellman,* 341 N.W.2d 561 (Minn.1983) (holding that in case of child abuse sentencing defendant to consecutive sentences constituted a departure). Comment II.F.06 notes that if the "rare" instance occurs "in which multiple person crimes are committed at different times against a victim in other than domestic abuse or child abuse situations, * * * consecutive sentencing is *permissive* under the guidelines." *Id.* (emphasis added). Hanson's actions in *Hanson I* clearly qualify as one of the "rare" exceptions to the "different persons" requirement of section II.F.2.

■ Finally, we address Hanson's request that this court create a rule, "similar to the *Evans* rule,"[5] which would "cap" or limit the number of years to which a criminal defendant may be sentenced in all but the rarest of cases. Hanson suggests 40 years as the appropriate limit. While his request is novel, we decline to impose such a sentencing "cap." As we have said in the past, in Minnesota, it is the legislature, not the courts, that is vested with the authority to set the terms and conditions of sentencing for criminal acts. *State v. Osterloh,* 275 N.W.2d 578, 580 (Minn.1978) (citing *State ex rel. Ahern v. Young,* 273 Minn. 240, 243, 141 N.W.2d 15, 17 (1966) ("determination of what conduct constitutes a criminal offense and the punishment that ought to be imposed * * * is peculiarly a legislative and not a judicial function"); *State v. Meyer,* 228 Minn. 286, 293, 37 N.W.2d 3, 9 (1949)). The legislature, in enacting Minn.Stat. § 609.346, subd. 2b, and in establishing the Sentencing Guidelines Commission and the Sentencing Guidelines, created the sentencing scheme which result-

---

**4.** Sometime after the instant offense, II.F.2 was amended to delete the reference to "different" persons. *See* Minnesota Sentencing Guidelines II.F.2 (1997).

**5.** In *State v. Evans,* 311 N.W.2d 481, 483 (Minn. 1981), this court held that "generally" when aggravating circumstances are present, the upper limit on a durational departure is double the maximum presumptive sentence duration. Contrary to Hanson's assertions, this court's holding in *Evans* did not establish a "cap" limiting the number of years a criminal defendant could be sentenced, but instead presented a guideline for trial courts to follow when departing from the presumptive sentence. *Id.*

ed in Hanson being sentenced to an aggregate 90–year term. We will not second-guess the legislature and impose a sentencing "cap" limiting the aggregate number of years a criminal defendant may be imprisoned.

Affirmed as modified.